CROSS, Judge.
Appellant-defendant, Roger Dean Chevrolet, Inc., appeals from a final judgment entered in favor of the appellee-plaintiff, Susann G. Fischer, in an action for replevin of an automobile and damages for its detention.
The certificate of title to a 1966 Chevrolet convertible automobile, the subject matter of this suit in replevin, was registered in the names of J. L. Fischer or Susann G. Fischer, these parties being husband and wife. The car was used by each spouse.
The husband, J. L. Fischer, arranged to purchase a new 1967 Chevrolet from the defendant, Roger Dean Chevrolet, Inc., using the 1966 Chevrolet as a trade-in. The plaintiff-wife claimed that she neither authorized her husband to trade in the 1966 Chevrolet, nor consented to her husband’s attempt to trade the same. The *357 car invoice for the purchase of the new 1967 Chevrolet reflected the words “sold to” the following: “James L. or Susann G. Fischer.” The transaction was never consummated and when the Fischers demanded the return of the 1966 automobile, it was refused by the defendant.
The plaintiff-wife thereafter filed her complaint for replevin of the automobile and for damages for its detention, alleging in essence her superior right' -tts possession and the defendant’s wrongful detention of the vehicle.
The defendant filed an answer denying plaintiff’s allegations. No affirmative defenses were pleaded.
Thereafter motion for summary judgment was filed by the plaintiff and at the hearing thereon, it was stipulated by the plaintiff and the defendant before the court that the only issue involved was the nature of the title to the 1966 Chevrolet automobile; i. e., if the ownership were joint and created an estate by the entirety, then the plaintiff should prevail, and if not, joinder of the wife in the title assignment was not necessary and the defendant should prevail. Hence, by stipulation of counsel, they submitted the title dispute to be resolved by the court.
The court granted summary judgment to the plaintiff, bottoming this judgment upon the following:
“This Court finds that, although there may exist a common practice of treating title certificates held in the name of a husband or wife as not to create an estate by entirety, such a vesting of title, even without the designation or referral to the parties as spouses, creates an estate by the entirety. It is obvious that those dealing with parties of a similar surname should be aware of the fact that the parties may be married even though their names are not followed by the designation ‘husband and wife’ or by the words ‘his wife’ after the wife’s name or ‘her husband’ after the husband's name to clarify their marital status.
“It would be actually better practice in such title certificates if the parties exact marital status were designated; however, as indicated hereinabove, this Court finds that the failure to so designate does not change the fact that the title was jointly acquired by a husband and wife through the medium of one instrument and that there was thus joint seizure of ownership regardless of the word ‘or.’ ”
No motion for a rehearing was filed as to the summary judgment. Thereafter the issue of damages for the wrongful detention was tried before the court without a jury and final judgment entered for the plaintiff.
The defendant thereafter moved for a new trial. Said motion was denied. This appeal followed.
There are certain essential elements peculiar to an estate by the entire-ties. They are unity of possession, interest and control. The estate is peculiar to the relationship of husband and wife, and is not available to people in any other relar tionship. Winters v. Parks, Fla.1956, 91 So.2d 649. Traditionally, estates by the entireties in real property are created by deeding the land to husband and wife. If the necessary unities alluded to above are present, including the fact that the husband and wife are legally married, an estate by the entireties is created even if the marital relationship is not mentioned in the deed.
Since an estate by the entireties is predicated upon the theory that each spouse has absolute control over the entire estate, a rather difficult problem is presented when property is held in the name of the husband or wife. This apparently gives each spouse the ability to deal with the property without the consent of the other. A husband- or-wife situation usually arises in connection with bank accounts and savings deposits.
There is authority that alludes to the proposition that a bank has no authority *358 to pay one of the spouses alone if the deposit is in the name of the husband and wife. Gerson v. Broward County Title Co., Fla.App.1959, 116 So.2d 455. However, if the deposit slip should read “husband or wife” the bank can pay upon the order of either. See Section 659.29, Florida Statutes, F.S.A.
In some jurisdictions a tenancy by the entirety in personal property is held not to arise at all on a taking in the disjunctive form, i. e., (or), upon the determination that unilateral control is repugnant to the underlying theory of unity of control of the estate.[1]
Notwithstanding, Florida does allow husband or wife bank accounts or savings deposits to be held by the entireties, but the court looks to extrinsic evidence to ascertain the intent to create the estate. Winters v. Parks, supra; Re Lyons’ Estate, Fla.1955, 90 So.2d 39, 64 A.L.R.2d 1. This being so, there is no reason for a departure or contrary view merely because the personal property in question is an automobile.
In the instant case the record abounds with extrinsic evidence showing the intent of the husband and wife to own the said automobile as entireties property. The vehicle in question was purchased by the husband and the wife with joint funds apparently accumulated through the joint earnings of both. A lien, which existed on the automobile in favor of a Miami bank which held the title certificate, was secured by a joint debt of both the husband and wife. The husband and wife shared the use of the said automobile, and the deposition of the wife shows that it was the wife’s request to have the car titled in the joint names of both the husband and wife.
No error having been made to appear, the judgment is affirmed.
Affirmed.
REED and OWEN, JJ., concur.

. For an interesting, well-written and revealing annotation on the subject of estates by the entireties in personal property, see 64 A.L.R.2d 1.