PER CURIAM.
The State of Florida appeals from an order directing that Paul Costigliola’s automobile be returned to him.
Pursuant to § 943.43, Fla.Stat., F.S.A. the police seized Paul Costigliola’s automobile when he was arrested for possession of marijuana while in his automobile. Mr. Costigliola pled guilty to the charge and as a first offender was placed on probation. The police refused to return his automobile and the State petitioned for a rule to show cause why the car should not be forfeited pursuant to § 943.44, F.S. After hearing, the trial judge ordered the vehicle returned to Mr. Costigliola. The State appeals. We affirm.
Forfeitures are not favored in law or equity General Motors Acceptance Corporation v. State, 152 Fla. 297, 11 So.2d 482 (1943). Further, as forfeiture statutes *83 are intended to apply to those individuals who are significantly involved in a criminal enterprise, § 943.43, Fla.Stat., F.S.A., authorizing forfeitures, is discretionary and not mandatory. See In re 1972 Porsche 2 Dr., '74 Fla.Lic.Tag ID 91780, Fla.App.1975, 307 So.2d 451.
It is apparent from the transcript that through plea negotiations, the State accepted a guilty plea to posession of marijuana, a misdeameanor offense under § 893.13(1) (f), Fla.Stat., F.S.A. Thus, we find no abuse of discretion on the part of the trial judge in ordering return of Mr. Costigliola’s automobile to him.
Affirmed.