375 So.2d 45 (1979)
METROPOLITAN DADE COUNTY, Florida, for the Use of or Sale by the Dade County Public Safety Department, Appellant,
v.
Hilda Castanon GARCIA, Aurelio Ramos and a 1974 Dodge Truck, Bearing Florida Tag # Aje-062, Vin # B11AB4V051759, Appellees.
No. 79-388.
District Court of Appeal of Florida, Third District.
September 18, 1979.
Janet Reno, State's Atty. and Robert W. Wennerholm, Asst. State's Atty., for appellant.
Engel, Aronson, Fried & Cohn and Robert C. Hill, Miami, for appellees.
Before BARKDULL, KEHOE and SCHWARTZ, JJ.
PER CURIAM.
When law enforcement officers attempt to effect the forfeiture of a motor vehicle[1] *46 which has been used in the transportation of contraband, a trial judge should release the vehicle to its innocent owner. One 1973 Cadillac v. State, 372 So.2d 103 (Fla.2d DCA 1979).
We do not adopt the reasoning that Section 943.44(1), Florida Statutes (1977) allows law enforcement officers, but not the circuit court, the power to release a vehicle to an innocent owner.
Therefore, the order under review, which discharged the petition for forfeiture and released the vehicle, be and it is hereby affirmed.
Affirmed.
NOTES
[1] § 943.43, Fla. Stat. (1977)

"Forfeiture of vessel, motor vehicle, or aircraft; exceptions: Any vessel, motor vehicle, or aircraft which has been or is being used in violation of any provision of s. 943.42 or in, upon, or by means of which, any violation of said section has taken or is taking place shall be seized and may be forfeited. No vessel, motor vehicle, or aircraft used by any person as a common carrier in the transaction of business as a common carrier nor any other vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44 unless the owner or person legally in charge of such vessel, motor vehicle, or aircraft was at the time of the alleged illegal act a consenting party or privy thereto. No vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44 by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, motor vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of this state or any political subdivision thereof, any other state, or the United States."
§ 943.44, Fla. Stat. (1977)
"Forfeiture proceedings.
"(1) The State attorney within whose jurisdiction the vessel, motor vehicle, or aircraft has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband as herein defined may proceed against the vessel, motor vehicle, or aircraft by rule to show cause in the circuit court within the jurisdiction in which the offense occurred and may have such vessel, motor vehicle, or aircraft forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the vessel, motor vehicle, or aircraft was being used in violation of the provisions of said law. However, the provisions of this section shall not apply to innocent parties or destroy any valid lien or retain title contract on vessels, motor vehicles, or aircraft as defined by existing registration law, and the notation of a lien upon the face of the certificate of title shall be deemed prima facie valid. The seizing agency may release said vessel, motor vehicle, or aircraft to the innocent party or lienholder upon the filing of a sworn affidavit by said innocent party or lienholder that he had no knowledge of the alleged violation causing such seizure and upon then producing a valid certificate of title."