398 So.2d 457 (1981)
In re 36' UNIFLITE, the "PIONEER I", REGISTRATION NO. FL 7894 AH.
Max GARCIA, Owner of the "Pioneer I", Appellant,
v.
STATE of Florida and PONCE INLET POLICE DEPARTMENT, Appellees.
No. 80-88.
District Court of Appeal of Florida, Fifth District.
April 1, 1981.
Rehearing Denied May 6, 1981.
*458 Arthur M. Garel of Ezzo, Garel & Saylor, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellees.
FRANK D. UPCHURCH, Jr., J.
This is an appeal from an order of forfeiture of a boat. We reverse.
The issue is whether an owner of a boat that is used for illegal trafficking of drugs should have his boat forfeited even though he had no knowledge of the illegal activities, which were conducted without his consent and to which he was not privy. The forfeiture act is found in sections 943.41-943.44, Florida Statutes (1979), and we are most concerned with a portion of section 943.43 which appellant urges allows him to avoid forfeiture of his boat. We have underlined the "exception" portion of the statute to point out the legal issue in this case:
Forfeiture of vessel, motor vehicle, or aircraft; exceptions.  Any vessel, motor vehicle, or aircraft which has been or is being used in violation of any provision of s. 943.42 or in, upon, or by means of which, any violation of said section has taken or is taking place shall be seized and may be forfeited. No vessel, motor vehicle, or aircraft used by any person as a common carrier in the transaction of business as a common carrier nor any other vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44, unless the owner or person legally in charge of such vessel, motor vehicle, or aircraft was at the time of the alleged illegal act a consenting party or privy thereto. No vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44 by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, motor vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of this state or any political subdivision thereof, any other state, or the United States.
The stipulated facts are that appellant left his boat with a broker to either sell or rent it. At the time of the seizure the boat was rented to Gustavo Flores who had rented it ostensibly for a trip to the Bahamas and had apparently allowed another party to operate it. The boat was rented in Miami and seized in Ponce Inlet. The boat was seized laden with more than one hundred pounds of marijuana. The parties have agreed the boat was being used for illegal drug trafficking when it was seized. Appellant urged that he was an innocent party to the whole affair and his boat should not be taken from him. He was apparently in Spain at the time his agent, the broker, rented the boat to Flores and did not have any knowledge to whom or for what purpose the boat was rented. There is no evidence in the record that the appellant *459 was involved in the particular illegal activities for which the boat was seized, although the state was understandably curious as to how a person whose only acknowledged income was $150.00 per week could afford such a vessel and his trips abroad. But all concede that for the purposes of this case, he stands as an innocent owner of the boat.
The Florida Uniform Contraband Transportation Act, sections 943.41-943.44, Florida Statutes (1979), was substantially patterned after similar federal legislation.[1]Griffis v. State, 356 So.2d 297 (Fla. 1978). The federal courts have held that the fact that the owner of the property was without knowledge of the illegal use and did not in any way consent to or approve of such use would not prevent confiscation. United States v. One 1973 Buick Riviera Automobile, 560 F.2d 897 (8th Cir.1977); United States v. One 1967 Cadillac Coupe ElDorado, 415 F.2d 647 (9th Cir.1969). The federal courts have even held that the holder of a security interest in a vehicle used for transportation of marijuana was not entitled to remission of the forfeiture because the holder of the security interest was innocent. General Finance Corp. of Fla. South v. United States, 333 F.2d 681 (5th Cir.1964). See also United States v. One (1) 1950 Burger Yacht, Fla. Reg. # FL5163BE, 395 F. Supp. 802 (S.D.Fla. 1975).
The Florida Act, however, contains a material difference from the federal law. Section 943.44(1), Florida Statutes (1979), provides in part: "[T]he provisions of this section shall not apply to innocent parties or destroy any valid lien... ."[2] This language does not appear in the federal law. We conclude that the Florida Legislature by adding this language intended to exclude the harsh results of the federal law. The forfeiture provision is penal in nature and should be strictly construed. United States v. Campos-Serrano, 404 U.S. 293, 92 S.Ct. 471, 39 L.Ed.2d 457 (1971). See also McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. 961 (1910). This intent is emphasized by a clarification of section 943.43, Florida Statutes (Supp. 1980), when it was amended in the 1980 session of the Legislature to clearly exempt property of an innocent *460 owner from confiscation but to place the burden on such owner to establish that he was, in fact, unaware of the illegal use.[3]
Both the Second and Third District Courts of Appeal have held that the forfeiture provision does not apply to property of innocent owners or lienholders. See Metropolitan Dade County v. Garcia, 375 So.2d 45 (Fla.3d DCA 1979); In re 1975 Grand Prix, Fla. Tag No. 1W-354912, Vin. No. 2K57S5A150910, 374 So.2d 1119 (Fla.2d DCA 1979).
In Griffis, the Florida Supreme Court, noted that the targets of vehicle forfeitures intended by the legislature are the "narcotics peddler" and "drug trafficker." Penalizing an owner or his agent may possibly induce the owner to use greater care in transferring possession of his property; however, the forfeiture, under the federal law, is imposed on the owner who uses great care as well as he who naively or carelessly entrusts his car. To impose liability on the innocent in an attempt to control the guilty would damage legitimate business, and we seriously doubt that it could be justified by any appreciable reduction in illegal narcotic traffic.
The order of forfeiture is reversed and this cause is remanded for entry of an order releasing said vessel to appellant.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] 49 U.S.C. § 782 (1979). Seizure and forfeiture. Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited: Provided, That no vessel, vehicle, or aircraft used by any person as a common carrier in the transaction of business as such common carrier shall be forfeited under the provisions of this chapter unless it shall appear that (1) in the case of a railway car or engine, the owner, or (2) in the case of any other such vessel, vehicle, or aircraft, the owner or the master of such vessel or the owner or conductor, driver, pilot, or other person in charge of such vehicle or aircraft was at the time of alleged illegal act a consenting party or privy thereto: Provided further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State.
[2] Section 943.44(1) provides in full:

The State Attorney within whose jurisdiction the vessel, motor vehicle, or aircraft has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband as herein defined may proceed against the vessel, motor vehicle, or aircraft by rule to show cause in the circuit court within the jurisdiction in which the offense occurred and may have such vessel, motor vehicle, or aircraft forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the vessel, motor vehicle, or aircraft was being used in violation of the provisions of said law. However, the provisions of this section shall not apply to innocent parties or destroy any valid lien or retain title contract on vessels, motor vehicles, or aircraft as defined by existing registration law, and the notation of a lien upon the face of the certificate of title shall be deemed prima facie valid. The seizing agency may release said vessel, motor vehicle, or aircraft to the innocent party or lienholder upon the filing of a sworn affidavit by said innocent party or lienholder that he had no knowledge of the alleged violation causing such seizure and upon then producing a valid certificate of title.
[3] No property shall be forfeited under the provisions of sections 943.41-943.44, if the owner of such property establishes that he neither knew nor should have known after a reasonable inquiry that such property was being employed or likely to be employed in criminal activity. § 943.43(2), Fla. Stat. (Supp. 1980).