SCHWARTZ, Judge.
Robert Brown was driving a Lincoln Continental registered in the name of “Robert Brown or Mae Frances Brown” when it was stopped and a kilo of cocaine was seized from the back seat by Miami police officers. At trial, and on this appeal from a final judgment of forfeiture, Mrs. Brown has contended that her interest in the vehicle should not be forfeited because she was unaware of the criminal purpose for which it was employed. See Griffis v. State, 356 So.2d 297 (Fla.1978); In re 36' Uniflite, the “Pioneer I,” Registration No. FL 7894 AH, 398 So.2d 457 (Fla. 5th DCA 1981), and cases cited; Metropolitan Dade County v. Garcia, 375 So.2d 45 (Fla. 3d DCA 1979). For two independent reasons, we disagree.
First, the trial judge could properly have found that Mrs. Brown’s self-serving, uncorroborated, and highly dubious recounting of the circumstances under which she entrusted the vehicle to her supposedly estranged husband did not carry the affirmative burden, newly imposed upon an owner by the 1980 Florida Contraband Forfeiture Act,[1] to establish that she “neither knew nor should have known after a reasonable inquiry that such property was being employed or was likely to be employed in criminal activity.” Section 943.43(2), Florida Statutes (1980 Supp.). See, Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Westerman v. Shell’s City, Inc., 265 So.2d 43 (Fla.1972).
Secondly, the prevailing law, with which we agree, is that each of the named parties is deemed the “owner” of property titled in the alternative, as was the vehicle in question, so that the undisputed guilty knowledge of Robert Brown is sufficient to justify forfeiture even if the “other owner,” Mrs. Brown, were shown to have been entirely innocent. State v. One 1968 Buick Electra Delaware Registration 43003, 301 A.2d 297 (Del.Super.Ct.1973); Amrani-Khaldi v. State, 575 S.W.2d 667 (Tex.Civ. App.1978); see, Matter of 1976 Blue Ford Pickup, Arizona License NL-3234, 120 Ariz.App. 432, 586 P.2d 993 (1978).
The other points raised present no error.
Affirmed.

. Under the prior law, Section 943.43, Fla.Stat. (1979), the seizing agency had the burden to show guilty knowledge. In re 36' Uniflite, the "Pioneer I," Registration No. FL 7894 AH, supra.