454 So.2d 663 (1984)
Wayne and Vivian SMITH, Appellants,
v.
L.J. "Lu" HINDERY, Appellee.
No. AS-389.
District Court of Appeal of Florida, First District.
July 25, 1984.
Rehearing Denied August 27, 1984.
*664 Thomas J. Farkash, Gainesville, for appellants.
W.G. Phillips, Gainesville, for appellee.

CORRECTED OPINION
MILLS, Judge.
Wayne and Vivian Smith, husband and wife, appeal from an order granting forfeiture of their interest in a pickup truck pursuant to the Florida Contraband Forfeiture Act, Sections 932.701-932.704, Florida Statutes (1981). The Smiths contend that the pickup truck was held by the entireties and therefore was not subject to forfeiture by one spouse without the knowledge and consent of the other. We agree and reverse.
On 21 September 1982, Wayne Smith used the pickup truck registered in the names "Smith, Vivian L. or Wayne" to transport stolen cattle. He was subsequently arrested and charged with grand theft. On 18 March 1983, the trial court ordered forfeiture of the Smith's interest in the truck. The parties stipulated that Mrs. Smith had no knowledge of and did not consent to her husband's illegal use of the vehicle. They also stipulated that the Smith's title to the pickup truck was held by the entireties. The facts adduced at trial clearly supported this legal conclusion.
Property held by the entireties cannot be forfeited by one spouse acting alone. Tingle v. Hornsby, 111 So.2d 274 (Fla. 1st DCA 1959). The conjunction used between the names of a husband and wife is not determinative of whether a tenancy by entirety exists. This is determined by facts. Norman v. Bank of Hawthorne, 321 So.2d 112 (Fla. 1st DCA 1975).
In Roger Dean Chevrolet, Inc. v. Fischer, 217 So.2d 355 (Fla. 4th DCA 1969), the Fourth District Court of Appeal held on the facts adduced that an automobile registered in the names "James or Susann G. Fischer" was entireties property and that the wife was entitled to replevin after the husband purported to sell the car to Roger Dean Chevrolet without her consent. We agree with this holding and find it is applicable to the facts in the case before us.
The trial court concluded that "the act" was mandatory and therefore it was required to forfeit the Smith's pickup truck. Not so. Forfeiture statutes are not favored in law or in equity. Forfeiture statutes are intended to apply to those individuals who are significantly involved in criminal enterprise. Statute authorizing forfeiture is discretionary, not mandatory. In re 1969 Chevrolet Camaro, 334 So.2d 82 (Fla. 1976). The trial court abused its discretion under the facts and the law of this case.
The Smiths further contend that they were denied a jury trial in violation of Article I, Section 22 of the Florida Constitution. That contention is without merit. The right to a jury trial is guaranteed by the Florida Constitution only in cases where that right existed at common law, not where a right and remedy were thereafter created by statute. Hathorne v. Panama Park Co., 44 Fla. 194, 32 So. 812 (1902). The Florida Contraband Forfeiture Act did not exist at common law, and there is therefore no right to a jury trial in a forfeiture proceeding under that Act.
Finally, it is contended that the Florida Contraband Forfeiture Act violates due process by allowing prejudgment seizure of property without notice or a hearing. We disagree. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).
A word of caution. Section 319.22(2), Florida Statutes (1979), was amended effective 1 January 1980 to provide that the use of the disjunctive "or" in a motor vehicle certificate of title or registration shall create a joint tenancy with each named owner having the absolute right to dispose of the title and interest in the vehicle upon signature endorsement of only one of them and that this provision shall apply if the co-owners are husband and wife. This statute is not applicable to this case because it is not retroactive. Our opinion would have *665 reached a different result if the statute had been retroactive.
Affirmed in part, reversed in part, and remanded for entry of an order denying forfeiture.
SHIVERS, J., concurs.
ZEHMER, J., concurs specially with opinion.
ZEHMER, Judge, concurring specially.
While I concur in the decision of the majority, I must explain in detail my reasons for doing so. My review of numerous recent decisions involving the Florida Forfeiture Contraband Act, sections 932.701-932.704, Florida Statutes (1981), reveals a definite shift in the direction of requiring mandatory forfeiture in all cases, with no discretion in the courts and prosecutors to excuse forfeiture in appropriate circumstances. This case presents an appealing example of the need for continuing to recognize and preserve such discretion.
The undisputed record in this case reveals that when this controversy arose Wayne and Vivian Smith had been married more than thirteen years, had two young children, and appeared to have been good citizens of their community. Neither has been convicted of any crime. On October 28, 1977, the 1978 Ford custom pickup truck here involved was purchased with financing through Vivian Smith's credit union. Vivian and Wayne each contributed $500 to the down payment, but the balance of $7,642 was financed by Vivian and fully paid by her through payroll deductions. The vehicle was titled in 1977 in the name "Smith, Vivian L., or Wayne," and was the only motor vehicle owned and used by the Smiths for transportation of themselves and their two children.
The unfortunate episode giving rise to this forfeiture proceeding occurred on September 21, 1982, when Wayne Smith allegedly used the truck for transportation of three stolen calves. After an investigation by the Alachua County Sheriff's office, Wayne Smith and others were arrested on charges involving the theft of three calves valued at $100 each. On October 7, 1982, the sheriff seized the truck under the forfeiture statute on the ground that it was used to transport the stolen calves. Wayne Smith's participation in the alleged transaction was "minimal." He fully cooperated with law enforcement officers and assisted them in the investigation and apprehension of the persons principally responsible. The victim wrote a letter to the sheriff recommending against prosecution of Smith and against forfeiture of his truck.[1]
On October 27, 1982, the state attorney, exercising his prosecutorial discretion, entered into a "Deferred Prosecution" agreement with Wayne Smith and agreed to defer prosecution of charges for twelve *666 months and then dismiss the charges if the conditions recited therein had been met by Smith. That agreement recites, in pertinent part:
It appearing that you are alleged to have committed offense(s) against the State of Florida referenced above and it further appearing after an investigation of said offense(s) and your background, that the best interests of justice will best be served by the following procedures: THEREFORE,
On the authority of EUGENE T. WHITWORTH, as State Attorney for Alachua County, Florida, prosecution in this matter will be deferred for the period of twelve (12) months from the date hereof, and your bond(s) if any, returned now, PROVIDED you now agree to abide and do henceforth fully abide by the following terms and conditions during said period:
* * * * * *
(9) SPECIAL CONDITIONS, if any: The defendant shall assist any and all agencies in the prosecution of any and all persons for this case 82-3581-CF including but not limited to appearing and testifying in all proceedings (depositions and trial).
The Defendant shall make complete restitution to the victim Rolling Hills Dairy INC. in the amount of $100.00 per heifer for a total restitution of $300.00. Said restitution May [sic] be offset by restitution from other culpable individuals subsequently. In the event offset occurrs [sic] in the future an appropriate amount will be determined by the parties and or the Court and will be paid to reimburse the Defendant Wayne Smith whom has initially accepted full financial responsibility.

The State of Florida, Assistant State Attorney Gordon Groland, recommends that the Alachua County Sherrifs [sic] Office drop any forfeiture proceedings which may be contemplated or pending against Mr. Wayne Smiths property (Truck) which may be connected with this case and return said property to Mr. Wayne Smith.

* * * * * *
If you comply with these conditions during the period of deferred prosecution, the charge(s) referred to above will be dismissed. (Emphasis supplied.)
Wayne Smith complied with the conditions of the agreement.
Notwithstanding the state attorney's agreement and recommendation, the sheriff filed a complaint on December 1, 1982, seeking forfeiture of the truck and alleging as the basis therefor:
Wayne Smith was arrested on a charge of grand theft, a felony in violation of Chapter 812, Florida Statutes, as a result of his participation in the larceny of cattle, and said vehicle, which had been used in hauling the stolen cattle, was seized upon Smith's arrest.
Both Vivian and Wayne Smith answered, denying the alleged grounds and asserting various defenses. The matter was tried upon the parties' stipulation of evidence, supplemented by affidavits of Vivian and Wayne Smith. The stipulation stated in part:
1. That Vivian Smith is an innocent owner as defined and contemplated under the Florida Forfeiture Statute, Florida Statute § 932.701, 932.702, 932.703, and 932.704, and as defined and contemplated in the recent Third Court of Appeal opinion In Re: 1979 Lincoln Continental Brown v. City of Miami, 405 So.2d 249 (Fla., 3rd DCA, 1981).
* * * * * *
6. It is agreed that Wayne Smith knew or should have known after a reasonable inquiry that the calves transported in the Ford Pickup vehicle which is the subject vehicle of this forfeiture action were or were likely to have been stolen and thus said vehicle was being employed or was likely to be employed in the criminal activity of the ultimate larceny of said calves.
7. It is agreed that the Ford Pickup vehicle which is the subject vehicle of *667 this forfeiture action was owned by Vivian and Wayne Smith as husband and wife and thus said vehicle was property owned by the marriage legally defined as property held by Vivian and Wayne Smith as tenants by the entireties. (Emphasis added.)
The trial court ordered forfeiture pursuant to sections 932.701-932.704, Florida Statutes.[2] Although obviously concerned about the equities militating against forfeiture in this case, the trial court concluded that the Smiths did not have a legally sufficient defense because sections 932.701-932.704, mandated forfeiture and left no discretion in the state attorney, the sheriff, or the court to excuse or deny forfeiture in these circumstances. The trial court expressly declined to follow Roger Dean Chevrolet, Inc. v. Fischer, 217 So.2d 355 (Fla. 4th DCA 1969), although admitting such decision was on point, because it felt compelled to follow the later decision in In re 1979 Lincoln Continental, 405 So.2d 249 (Fla. 3d DCA 1981).
There are several reasons why the applicable forfeiture statute (§§ 932.701-932.704, Fla. Stat.) should not be construed to mandate forfeiture in every case and deprive the trial court and responsible state officials of all discretion. Construction of the statute must begin with certain time-tested principles of law in mind.
Forfeitures are considered harsh exactions and, as a general rule, are not favored; hence, forfeiture statutes must be strictly construed in favor of those against whom the penalty is imposed. General Motors Acceptance Corp. v. State, 152 Fla. 297, 11 So.2d 482 (1943); Hotel and Restaurant Commission v. Sunny Seas No. One, 104 So.2d 570 (Fla. 1958); In re 1969 Chevrolet Camaro, 334 So.2d 82 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1103 (Fla. 1976); In re 36' Uniflite "Pioneer I," 398 So.2d 457 (Fla. 5th DCA 1981); In re Forfeiture of one 1975 Ford, 426 So.2d 44 (Fla. 2d DCA 1983); 39 Fla.Jur.2d, Penalties and Forfeitures, §§ 5, 6. Forfeiture statutes are intended to apply to individuals who are significantly involved in a criminal enterprise or operation. Griffis v. State, 356 So.2d 297 (Fla. 1978); In re 1969 Chevrolet Camaro, supra. Accordingly, the statutory provisions that exempt from forfeiture the interests of owners or lienholders who neither knew nor should have known that the property would be used for illegal purposes. The Florida act, unlike the federal forfeiture act, seeks to protect innocent property owners from forfeiture of their property, even though it may have been used in a specified criminal enterprise. In re 36' Uniflite "Pioneer I," supra; One 1973 Cadillac v. State, 372 So.2d 103 (Fla. 2d DCA 1979); Metropolitan Dade County v. Garcia, 375 So.2d 45 (Fla. 3d DCA 1979). The court, as well as the seizing official, has the power to release a seized vehicle to an innocent owner. Metropolitan Dade County v. Garcia, supra. Cf., In re Forfeiture of Alcoholic Beverages Seized from Saul's Elks Club, 440 So.2d 65 (Fla. 1st DCA 1983).
Analysis of sections 932.701 through 932.704, in light of these principles, necessarily leads to the conclusion that the ultimate decision to order forfeiture of vehicles after seizure thereunder is discretionary, not mandatory. The predecessor to the present statute, section 943.43, Florida Statutes (1979), provided that if a vehicle has been or is being used for certain described criminal purposes, such vehicle "shall" be seized and "may be forfeited." This statutory language means "authorizing forfeitures is discretionary, not mandatory." In re 1969 Chevrolet Camaro, 334 So.2d 82, 83 (Fla. 3d DCA 1976). The operative language of the present forfeiture statute is similar: a motor vehicle which has been or is being used for certain illegal purposes "shall be seized" (§ 932.703(1)); the state attorney "shall promptly proceed against" such motor vehicle "and may have" such motor vehicle "forfeited" (§ 932.704(1)). A close reading of the language of the present forfeiture statute reveals that the word "shall" is used throughout to mandate certain acts, while *668 the word "may" is used to denote discretionary acts and duties. In each such instance, the use of "shall" requires stated action without the exercise of discretionary judgment by the prosecuting official or the court,[3] while the use of "may" described actions that involve the exercise of discretionary judgment or the selection of one among several alternate courses of action.[4] Just as the juxtaposition of the words "shall" and "may" in section 943.43 was construed to mean that forfeiture is discretionary, the similar use and juxtaposition of these words in sections 932.703 and 932.704 likewise requires the same construction. Therefore, a vehicle used in activities covered by the statute must in all cases be seized, but whether the seized vehicle may ultimately be forfeited to the state or the seizing authority is a matter of discretion left to the prosecutors and the courts.
This conclusion is buttressed by well-established rules of statutory construction recognizing that the word "shall" may be construed to be used in the same sense as "may," i.e., denoting permissible rather than mandatory conduct, especially when used in prescribing action to be taken by a court and giving the word "mandatory" effect would infringe upon the court's inherent discretion over remedies to be awarded. Rich v. Ryals, 212 So.2d 641 (Fla. 1968). See also, Lomelo v. Mayo, 204 So.2d 550 (Fla. 1st DCA 1967).
Since the Florida forfeiture statute does not deprive a trial court of all discretion to grant or deny such relief, the trial court here erred as a matter of law in holding that it could not consider appellants' defenses or recognize and give effect to the state attorney's agreement. The trial court's construction of the statute, if allowed to stand, would impermissibly permit the legislature to invade the province of the judiciary by depriving the court of authority to exercise its inherent power over the granting of judicial relief. Cf., Rich v. Ryals, 212 So.2d 641 (Fla. 1968) (statute using "shall" construed to be permissive because "the Legislature is without authority to mandate a court of equity to issue an injunction" in stated circumstances. Id., at 643). Just as a state attorney has broad discretion to pursue or drop the prosecution of criminal charges against a particular defendant in the quest for the arrest *669 and conviction of the principal actors in the criminal enterprise, so also must the prosecutor have a similar discretion to forego forfeiture if doing so will aid him in that quest. Thus, applying a permissive construction to the forfeiture statute in this case is all the more important because Wayne Smith was induced to assist the state attorney in apprehending and prosecuting the principal criminal actors and to enter into the "Deferred Prosecution" agreement by the prosecuting attorney's agreement and recommendation on behalf of the state of Florida that the Alachua County Sheriff's office drop the forfeiture proceedings against the Smiths' pickup truck. Unless the forfeiture statute is given a permissive, rather than mandatory, construction, the state's representation and agreement with Smith was absolutely meaningless because it was contrary to the law. Obviously, the state attorney believed sufficient discretion existed under the statute to drop the forfeiture proceedings under these circumstances; and since the statute must be so construed, the prosecutor's agreement can be honored by the courts of this state.
The trial court's order is also properly reversed for refusing to recognize that Vivian Smith's interest in the Ford pickup was not subject to forfeiture because she owned the truck as a tenancy by the entireties and her interest could not be transferred or alienated by her husband without her consent. The appellee sheriff stipulated with the Smiths that the pickup truck was owned and held by them as tenants by the entireties. Since this case was tried solely on the stipulation of the parties, that matter was not open to dispute, despite the use of the word "or," rather than "and," in the Smiths' vehicle title registration.
Personal property, including a motor vehicle, may be owned jointly by a husband and wife as tenants by the entireties. Roger Dean Chevrolet v. Fischer, 217 So.2d 355 (Fla. 4th DCA 1969); Winters v. Parks, 91 So.2d 649, 651 (Fla. 1956); 12 Fla.Jur.2d, Cotenancy and Partition, § 13. In Murray v. Sullivan, 376 So.2d 886, 889 (Fla. 1st DCA 1979), this court stated the general rule regarding the incidents of ownership by the entireties:
It is settled law in this state that since an estate by the entireties is vested in husband and wife as one person, neither spouse can sell, forfeit, or encumber any part of the estate without the consent of the other... . (Emphasis added.)
Recognizing an exception to this general rule where one spouse with full knowledge constitutes the other spouse his or her agent, this court further held in Murray:
We hold that before such exception to the general rule is applicable to effectuate a transfer by only one spouse of an estate by the entireties that the evidence must be clear and convincing that such transfer does not (1) adversely affect the interest of the other spouse and (2) is done with the full knowledge, assent and acquiescence of such other spouse.
Id.
Although an estate by the entireties is traditionally created by transferring title to the purchaser as husband and wife as tenants by the entireties if the essential elements of unity of possession, interest, and control are present and the parties are legally married, an estate by the entireties in personal property is created without that traditional language being used so long as the surrounding facts and circumstances show the requisite intent of the parties to create an estate by the entireties. In re Lyons Estate, 90 So.2d 39 (Fla. 1956); Winters v. Parks, 91 So.2d 649 (Fla. 1956); 12 Fla.Jur.2d, Cotenancy and Partition, § 12. Accordingly, in Roger Dean Chevrolet v. Fischer, supra, the court stated, "The record abounds with extrinsic evidence showing the intent of the husband and wife to own the said automobile as entireties property" even though the vehicle "was registered in the names of J.L. Fischer or Susan G. Fischer"; accordingly, the attempted assignment of title by the signature of Mr. Fischer only, without his wife's knowledge and consent, was held invalid and Mrs. Fischer was granted replevin *670 of the automobile from the assignee dealer. 217 So.2d at 356, 358.
At the time the Smiths acquired and titled their pickup in 1977, they could lawfully use the alternative word "or" in the title description and legally take ownership of the vehicle as tenants by the entireties. Roger Dean Chevrolet, supra, was the highest Florida appellate decision on this question at that time, and under that decision an estate by the entireties could clearly be created by titling the vehicle in the name of "Smith, Vivian L. or Wayne." In both Winters v. Parks, supra, and In re Lyons Estate, supra, the Supreme Court held that the governing factor was the intent of the parties to create an entireties as shown by evidence of all surrounding facts and circumstances; use of the word "or" was not controlling but only evidence to be considered with all other evidence on the issue of intent. Since the appellee sheriff stipulated to the existence of the requisite intent in this case, it was patent error for the trial court not to honor that stipulation.
The trial court explains in support of its order that the legislature amended section 319.22(2), Florida Statutes, in 1979 (Laws of Florida, Ch. 79-333), to provide for the first time that use of the disjunctive word "or" in a motor vehicle certificate of title or registration shall create a joint tenancy with each named owner having "the absolute right to dispose of the title and interest in the vehicle" upon signature endorsement of only one of them and that "this provision shall apply even if the coowners are husband and wife." But this amendment did not become effective until January 1, 1980. The amendment was not expressly made retroactive to ownership and title registration of motor vehicles acquired prior to its effective date. In the absence of explicit retroactive language, the statute must be given prospective effect only  especially if the effect of retroactive application would be to interfere with an existing contract, destroy a vested right, or create a new liability in connection with a past transaction. Fleeman v. Case, 342 So.2d 815 (Fla. 1977); Thayer v. State, 335 So.2d 815 (Fla. 1976); Dept. of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353 (Fla. 1977); 30 Fla.Jur., Statutes, § 51.
Vivian Smith perfected a vested right when she acquired the pickup truck in 1977 as a tenancy by the entireties, and that right could not be sold, forfeited, or encumbered without her knowledge and consent. Murray v. Sullivan, supra. Giving retroactive effect to the 1979 amendment of section 319.22(2) so as to permit forfeiture of the truck based on her husband's activities without her knowledge and consent clearly deprives her of that vested property right. Such a construction and application of the statute cannot be permitted because it would raise serious constitutional issues concerning the deprivation of vested property rights. See, generally, 10 Fla.Jur.2d, Constitutional Law, §§ 289-292, 296.
Nevertheless, the trial court ordered forfeiture of Vivian Smith's interest based on the general rule that guilty knowledge of a co-owner of the vehicle is sufficient to require forfeiture regardless of the innocence of the other co-owner, citing In re 1979 Lincoln Continental, 405 So.2d 249 (Fla. 3d DCA 1981). But the Lincoln Continental case is inapposite even though the vehicle there involved was titled in the names "Robert Brown or Mae Frances Brown." The Lincoln Continental opinion does not discuss any claim of ownership by the Browns as tenants by the entireties; rather, Mrs. Brown rested her case solely upon the argument that she was unaware of the criminal purpose for which the automobile was employed. Regarding this contention, the court held:
The trial judge could probably have found that Mrs. Brown's self-serving, uncorroborated, and highly dubious recounting of the circumstances under which she entrusted the vehicle to her supposedly estranged husband did not carry the affirmative burden, newly imposed upon an owner by the 1980 Florida Contraband Forfeiture Act, to establish that she `neither knew nor should have known after a reasonable inquiry that *671 such property was being employed or was likely to be employed in criminal activity.'
405 So.2d at 250 (footnotes omitted). The court bolstered this conclusion by stating:
Secondly, the prevailing law, with which we agree, is that each of the named parties is deemed the `owner' of property titled in the alternative, as was the vehicle in question, so that the undisputed guilty knowledge of Robert Brown is sufficient to justify forfeiture even if the `other owner,' Mrs. Brown, were shown to have been entirely innocent.
405 So.2d at 250. As authority for this statement, the court cited three decisions, one each from Delaware, Texas, and Arizona, without any discussion of Florida law applicable to tenancies by the entireties and without any discussion of whether the forfeiture statutes in the three states followed the federal statute penalizing innocent parties or followed the Florida statute providing for the protection of innocent co-owners. Nor did the court discuss whether the rule of co-ownership should be applied to the exclusion of all prosecutorial discretion or consideration of defenses such as those urged in this case.
Since the appellee sheriff has stipulated to Vivian Smith's absolute innocence, we are not confronted in this case with the dubious quality of the wife's profession of innocence that was involved in the Lincoln Continental case. And since the appellee sheriff also stipulated that Vivian Smith owned the vehicle as a tenancy by the entireties, we are not concerned with the rule applicable to a guilty co-owner where no tenancy by the entireties is shown to exist.
Certainly the courts of our state have discretion under the Florida statute to order forfeiture of a contraband vehicle that is truly owned by the guilty party but is titled in another for the purpose of avoiding forfeiture. Marks v. State, 416 So.2d 872 (Fla. 5th DCA 1982). The courts have the power to pierce through other contrived arrangements designed to improperly prevent forfeiture of vehicles carrying proscribed contraband. By the same token, however, the courts of this state also have discretion to deny forfeiture where a true owner (the person paying for and principally operating the vehicle) is "innocent" within the meaning of the Florida statute. The intent of the Florida forfeiture statute to protect a true "innocent owner" requires that such discretion be exercised to deny forfeiture in this case.
In summary, the trial court erred in its construction of the forfeiture statute as mandating forfeiture and precluding the court in the exercise of its discretion to deny forfeiture in this case. The judgment of forfeiture must be reversed and the case remanded with directions that the seized vehicle be returned to the appellants.

APPENDIX

 "ORDER GRANTING FORFEITURE"
This is a forfeiture proceeding brought by the Sheriff of Alachua
County under the provisions of Sec. 932.701 et seq. F.S. against
a 1978 Ford Pickup Truck titled of record in the name of `Smith
Vivian L or Wayne'. Wayne Smith was arrested by the Sheriff and
charged with larceny of cattle `... and said vehicle, which had
been used in hauling the stolen cattle, was seized upon Smith's
arrest.'
The issues raised by the record title owners are:
1. As a matter of equity the Court should not allow a forfeiture
here because of:
 a. Basic unfairness to Vivian Smith.
 b. The State Attorney has deferred prosecution of
 Wayne Smith for the felony, restitution has been made
 in full, and the victim is satisfied and doesn't wish
 to exact further punishment.
2. The owners are husband and wife, the truck is actually
entireties property, and is, therefore, not subject to forfeiture
under the rule of Roger Dean Chevrolet, Inc. v. Fischer, 217 So.2d 355
(Fla. 4th DCA 1969).
The pertinent facts are not in dispute, but the parties disagree
as to the applicable law. Both Vivian and Wayne Smith testified
*672 that they intended to create an estate by the entireties and that
Vivian actually had a greater interest in the property than Wayne
because she made more payments on the truck.
The Court is quite sympathetic with the Smiths, but, as we
instruct juries, sympathy has no place in a decision such as
this. The Legislature by the terms of the forfeiture statutes in
question mandate action by the appropriate agency attorney and
mandate the decision of the Court when the requirements of the
statutes are met. Had the Legislature intended to permit the
courts to exercise discretion as to whether contraband would be
forfeited, or whose contraband should be forfeited, it could have
so stated.
If this Court were bound by Roger Dean Chevrolet, supra, the
forfeiture would not lie, but that case was contrary to already
established law when it was pronounced by the Fourth District
Court of Appeal, and no other Florida appellate court decision
has aligned with it. See Winters v. Parks, 91 So.2d 649 (Fla.
1956); In re Lyons' Estate, 90 So.2d 39 (Fla. 1956). The
enactment by the Legislature in 1979 Chapter 79-333 (now Sec.
319.235 F.S.) relating to the ownership and transfer of title to
vehicles only recited correctly what the law on the subject
already was, notwithstanding the Roger Dean Chevrolet abberation.
While there may be some legitimate dispute between the spouses as
to the correct status of the title, as between others, whether
good faith purchasers or not, where title to personal property is
registered in the mame [sic] of two or more parties in the
alternative by using the word `or', as in this case, neither
should be permitted to complain when the other transfers or
encumbers the title.
More recently and correctly the Third District Court of Appeal
addressed this exact question In re Lincoln Continental, etc.,
405 So.2d 249 (Fla. 3rd DCA 1981) and stated:
`... the prevailing law, with which we agree, is that each of
the named parties is deemed the "owner" of property titled in the
alternative, as was the vehicle in question, so that the
undisputed guilty knowledge of Robert Brown is sufficient to
justify forfeiture even if the "other owner," Mrs. Brown, were
shown to have been entirely innocent.' p. 250
Notwithstanding this Court's disagreement with Roger Dean
Chevrolet, supra, I would be bound to follow it, since I must
follow decisions of other District Courts of Appeal in the
absence of a First District Court of Appeal decision in conflict.
Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982).
On the same principle, this Court will follow the more recent
precedent in In Re Lincoln, supra.

NOTES
[1] The victim's letter stated:

On September 20 and 21, 1982, I was the victim of a Grand Theft of three (3) heifers from the Rolling Hills Dairy, Inc., Route 2, Box 23, Archer, Florida, 32618. I wish to commend the Alachua County Sheriff's Office, and in particular Investigator Daniel Pascucci, for prompt and diligent efforts in assisting me and solving the theft.
Having made the original Complaint, I will certainly follow through with any and all actions necessary to assist in the prosecution of any and all individuals accused in the theft; however, I also think it appropriate that I inform the Alachua County Sheriff's Office of my understanding of the particular individual, Wayne Smith, who is also one of the accused co-defendants of the theft.
It is my understanding that the involvement of Mr. Smith is very minimal, and occurred at the instigation of a co-defendant, Mr. Crawford. Mr. Smith has, to my knowledge, worked very closely with law enforcement in attempting to gather and develop information to try to further solve the crime and locate the cows which were stolen. Mr. Smith has also provided me with complete and full restitution in the amount of $300.00 for the loss of the three heifers at $100.00 per heifer.
Based on my knowledge and understanding of Mr. Wayne Smith's background of no priors and his status as a solid, working member of the community, and based upon Mr. Smith's acceptance of full and complete responsibility and making full and complete restitution on his own, even though his involvement appears to be very minimal, it would be my respectful recommendation that law enforcement not prosecute Mr. Smith any further and that his truck, which has been seized and is currently subject to forfeiture, be returned to him.
[2] The full text of the "Order Granting Forfeiture" is copied in the appendix to this opinion.
[3] For example, section 932.703 mandates that contraband articles "shall be seized"; all rights, interest, and title thereto "shall immediately vest in the state upon seizure ... subject only to perfection of title rights and interests in accordance with this act"; neither replevin nor any other action to recover the property "shall be maintained" except as provided herein; a motor vehicle in which contraband articles are found "shall be contraband subject to forfeiture"; certain facts "shall be presumed"; "no property shall be forfeited ... if the owner of such property establishes that he neither knew nor should have known after a reasonable inquiry that such property was being employed or was likely to be employed in criminal activity"; "no bona fide lienholder's interest shall be forfeited" under certain conditions; and if such conditions are shown "such lienholder's interest shall be preserved by the court."

Section 932.704 mandates that the state attorney "shall" promptly proceed against contraband articles, etc.; any final order of forfeiture entered by the court "shall" perfect the state's right and interest in and title to the forfeited property which "shall" relate back to the date of seizure; the state attorney "shall give notice of the forfeiture proceedings"; "shall" publish notice, which notice "shall" be mailed and published according to certain time schedule, and "shall" describe the property, etc.; the seizing agency "shall be obligated" to diligently search for the owner, etc.; if the property is to be sold after forfeiture, the head of the law enforcement agency "shall" cause notice of sale to be made; and the proceeds thereof "shall" be applied and deposited as stated in the statute; upon such sale, the state "shall" issue title certificates; and certain reports "shall" be kept and submitted.
[4] For example, section 932.704 uses the word "may" to describe the following obviously discretionary acts: The state attorney, "or such attorney as may be employed by the seizing agency," shall promptly proceed "against the contraband article," etc.; such attorney "may have such contraband article" or motor vehicle "forfeited to the use of' the seizing agency; the state attorney, or "such attorney as may be employed" shall give notice of forfeiture; in lieu of sale of forfeited property, the agency head, "whenever he deems it necessary or expedient, may salvage the property," etc.; the proceeds of any sale of forfeited property shall be deposited in a certain fund which "may be expended only upon appropriation" by certain bodies for described purposes (obviously intending that all such funds are not mandated to be expended).