647 So.2d 907 (1994)
AMSOUTH BANK OF FLORIDA, Appellant,
v.
William E. HEPNER, Appellee.
No. 93-3528.
District Court of Appeal of Florida, First District.
November 29, 1994.
*908 J. Arby Van Slyke of J. Arby Van Slyke, P.A., Pensacola, for appellant.
Richard H. Powell of Richard H. Powell, P.A., Fort Walton Beach, for appellee.
BENTON, Judge.
Amsouth Bank of Florida (Amsouth) appeals the denial of plaintiff's motion for order directing levy on a certain Acura Legend automobile. The trial court denied the motion on grounds that the car was "owned by Defendant WILLIAM E. HEPNER and his wife, DOROTHY W. HEPNER, as entireties property notwithstanding the fact that at the time of the filing of plaintiff's motion the vehicle was titled in the name of Defendant WILLIAM E. HEPNER or DOROTHY W. HEPNER," while the judgment on which Amsouth sought to levy was against Mr. Hepner only. We reverse.
Amsouth asserts entitlement to half the value of the Hepners' car, which it asserts is Mr. Hepner's share as a joint tenant.
[A] "judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." A joint tenant whose interest is w.r.o.s. has an interest that is subject to execution on a judgment lien. E.g., McDowell v. Trailer Ranch, Inc., 421 So.2d 751 (Fla. 4th DCA 1982). A joint tenant whose interest is by the entireties, however, does not have an interest that is subject to execution on a judgment lien. E.g., Neu v. Andrews, 528 So.2d 1278 (Fla. 4th DCA 1988).
Hurlbert v. Shackleton, 560 So.2d 1276, 1278 (Fla. 1st DCA 1990) (emphasis deleted). No lien superior to Amsouth's judgment encumbered the car.
When the sheriff's office declined to follow Amsouth's instructions for levy on the Hepners' automobile, in order to satisfy a money judgment entered in the bank's favor against Mr. Hepner individually, Amsouth filed plaintiff's motion for order directing levy in circuit court. The motion was met with affidavits in opposition.[1] In the order denying the motion, *909 the circuit court found that the car was owned by Mr. and Mrs. Hepner as an estate by the entirety, despite the fact that the car was registered to them in the disjunctive.
This case turns on whether Mr. and Mrs. Hepner owned their automobile as a joint tenancy, as Amsouth contends, or as "entireties property," as the trial court found and as the Hepners have sworn was their intent.
A viable tenancy by the entirety, with regard to either realty or personalty, must possess always and at the same time the following characteristics of form: unity of possession (joint ownership and control); unity of interest (the interests must be the same); unity of title (the interests must originate in the same instrument); unity of time (the interests must commence simultaneously); and the unity of marriage.
First National Bank of Leesburg v. Hector Supply Co., 254 So.2d 777, 781 (Fla. 1971). The "unity of marriage" notwithstanding, married persons may hold property individually, as tenants in common, or as joint tenants, as well as hold property as tenants by the entirety.
An estate or tenancy by the entirety is a type of ownership that dates to an era in which married women could not own real property individually, although ownership was allowed by a married couple "per tout et non per my." Perhaps because historically conveyances to married couples could create no other type of estate, the law still assumes an intention to create an estate by the entirety when land is conveyed to husband and wife:
In realty matters, where property is acquired specifically in the name of the husband and wife, we consider it to be a rule of construction that a tenancy by the entireties is created, although fraud may be proven. Losey v. Losey, 221 So.2d 417 (Fla. 1969); Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376 (1920).
Id. The law of personal property has not had the same history, and there is no rule of construction that a tenancy by the entirety is created by a transfer of personal property to husband and wife.
[I]n personalty matters, a different standard obtains: not only must the form of the estate be consistent with entirety requirements, but the intention of the parties must be proven. The reason for this double standard is easily understood. Realty matters are matters of record which occur infrequently, and which generally involve formal transactions necessarily requiring consent of both spouses. Personalty, on the other hand, is generally not under mandate of record; it may easily be passed by either spouse without mutual consent or without knowledge of the other spouse; finally, it may change hands with great frequency, as in the case of the checking account.
Hector Supply, 254 So.2d at 780 (final citation omitted). Automobiles are personalty which, if not as easily transferable as a horse, a table, or a bed, are nevertheless susceptible to one spouse's control, to the exclusion of the other. Like real estate conveyances, however, transfers of automobiles are a matter of record.
Joint ownership and control or unity of possession for purposes of an estate by the entirety implies the need for both spouses to join in any transfer of the property to a third party. The court in Roger Dean Chevrolet, Inc. v. Fischer, 217 So.2d 355 (Fla.4th DCA 1969), held that the husband's purported conveyance of a car titled in the names of "James L. or Susann G. Fischer," was a nullity, because the wife did not join. The court concluded that extrinsic evidence of the parties' intent established an estate by the entirety in the automobile. The trial court's decision in the present case reflects an analysis not unlike the Fischer court's.
After Fischer was decided, however, the Legislature effected a statutory change which must be taken into account in determining the nature of the ownership of an automobile by more than one person. Since amendment of section 319.22, Florida Statutes, by chapter 79-333, section 1, at 1736, Laws of Florida, one spouse can transfer title *910 to an automobile without the other spouse's consent, if the title is in both names disjunctively.
1. When a motor vehicle or mobile home is registered in the names of two or more persons as coowners in the alternative by the use of the word "or," such vehicle shall be held in joint tenancy. .. . This provision shall apply even if the coowners are husband and wife.
2. When a vehicle or mobile home is registered in the names of two or more persons as coowners in the conjunctive by the use of the word "and," the signature of each coowner or his personal representative shall be required to transfer title to the vehicle or mobile home.
§ 319.22(2)(a), Fla. Stat. (1993). Creation of an estate by the entirety in an automobile registered in Florida now requires not only an intention[2] to create an estate by the entirety, but also registration in the names of husband and wife. This is because "the form of the estate [must] be consistent with entirety requirements." Hector Supply, 254 So.2d at 780.
Extrinsic evidence cannot establish an estate by the entirety in a motor vehicle or mobile home where Florida title is held in the names of coowners using the disjunctive form "or." In re Brown, 162 B.R. 616 (Bankr.M.D.Fla. 1993) (allowing liquidation of the husband's interest in a motor vehicle titled in the spouses' names disjunctively on grounds that, under section 319.22(2)(a)1, Florida Statutes, the spouses were unequivocally joint tenants). In Smith v. Hindery, 454 So.2d 663 (Fla.1st DCA 1984), we reversed the forfeiture of a truck accomplished under the Contraband Forfeiture Act before the amendment to section 319.22(2) had taken effect. In Hindery we found an estate by the entirety even though title was held in the names of a cattle rustler or his wife, but we said:
A word of caution. Section 319.22(2), Florida Statutes (1979), was amended effective 1 January 1980 to provide that the use of the disjunctive "or" in a motor vehicle certificate of title or registration shall create a joint tenancy with each named owner having the absolute right to dispose of the title and interest in the vehicle upon signature endorsement of only one of them and that this provision shall apply if the co-owners are husband and wife. This statute is not applicable to this case because it is not retroactive. Our opinion would have reached a different result if the statute had been retroactive.
Hindery, 454 So.2d at 663-64. Because the statute does apply here, we reach the "different result" about which the Hindery court cautioned. The title in the present case was held in the names of William E. Hepner or Dorothy W. Hepner. Extrinsic evidence cannot alter the fact that the form of the estate was inconsistent with entirety requirements.
Reversed and remanded.
MINER and LAWRENCE, JJ., concur.
NOTES
[1] Mr. and Mrs. Hepner each executed an affidavit, asserting that they "intended to own this automobile as entireties property." According to the affidavits, Mr. Hepner and his wife bought the car for her birthday, using funds from her separate checking account for the down payment. The affidavits also recite that the Hepners made payments after the down payment either from the wife's separate account or from their joint account; that they made joint use of and had joint control over the car; that the car salesman was instructed to title the car in both their names; that they did not know that the car was titled "in the disjunctive" until they received the original title, after making the final payment on the purchase money loan; that the Hepners applied for a title in their names, William E. and Dorothy W. Hepner, after this suit was brought; and that they had no other means of transportation.
[2] Because intent as well as observance of formal requirements is necessary, use of the conjunction "and" on a motor vehicle or mobile home title naming both spouses does not conclusively establish an estate by the entirety. In re Shaland, 133 B.R. 166 (Bankr.S.D.Fla. 1991) (denying a bankruptcy exemption on a car titled in the spouses' names conjunctively on finding insufficient the extrinsic evidence [conclusory testimony by the spouses] that they intended an entireties estate).