891 So.2d 1075 (2004)
Vongsack XAYAVONG and Daomonh Xayavong, Appellants,
v.
SUNNY GIFTS, INC., Appellee.
No. 5D04-1285.
District Court of Appeal of Florida, Fifth District.
December 3, 2004.
Rehearing Denied January 12, 2005.
*1076 David S. Cohen of the Law Offices of David S. Cohen, LC, Orlando, and Jonathan B. Alper, Heathrow, for Appellants.
Philip K. Calandrino of Philip K. Calandrino, P.A., Orlando, for Appellee.
MONACO, J.
This appeal, brought on behalf of the appellants, Vongsack Xayavong and Daomonh Xayavong, causes us to examine the interplay between the case of Beal Bank, SSB v. Almand and Associates, 780 So.2d 45 (Fla.2001), and section 319.22, Florida Statutes (2003), in connection with a levy resulting from a judgment against Vongsack Xayavong, of an automobile titled in the names of "Daononh Xayavong or Vongsack Xayavong." Because the statute is unambiguous in its meaning, we agree with the trial court that the automobile was subject to levy.
The facts are uncomplicated. The appellee, Sunny Gifts, Inc., obtained a final judgment against Vongsack Xayavong. Sunny Gifts, however, never obtained a judgment against Daononh Xayavong, who is the debtor's wife. After causing a writ of execution to be issued, Sunny Gifts instructed the Orange County Sheriff to levy on a vehicle titled in the names of both appellants. Their names on the title were separated by the word "or." The Sheriff promptly took possession of the vehicle, and the appellants moved to dissolve the levy, asserting that they owned the automobile as tenants by the entireties. After hearing testimony and argument, the trial court held that the Florida Supreme Court's decision in Beal Bank, which announced that there is a presumption of a tenancy by the entireties when spouses hold property jointly, did not apply to the ownership of a motor vehicle. The trial court then denied Mr. and Mrs. Xayavong's motion, and directed the Sheriff to hold the sale. Mr. and Mrs. Xayavong then appealed.
The manner of ownership of the vehicle is, of course, critical to the outcome of this case. If property is held as a joint tenancy with right of survivorship, a creditor of one of the coowners may attach the joint tenant's portion of the property in order to satisfy that joint tenant's individual debt. See Beal Bank, 780 So.2d at 53. If, however, the property is held as a tenancy by the entireties, only the creditors of both the husband and wife may attach the entireties property. Id. As entireties property cannot be divided on behalf of one of the spouses, it cannot be reached to satisfy a debt of only one spouse. See Beal Bank; Winters v. Parks, 91 So.2d 649, 651 (Fla.1956).
In Beal Bank the Supreme Court extended a rebuttable presumption of tenancy by the entireties to financial accounts, and apparently to other personal property, held by married couples, provided the property in question is imbued with the requisite unities of possession, interest, time, title, survivorship, and marriage. See In re Daniels, 309 B.R. 54, 58-59 (Bankr.M.D.Fla.2004); see also Cacciatore v. Fisherman's Wharf Realty Ltd. P'ship, 821 So.2d 1251 (Fla. 4th DCA 2002). Before *1077 Beal Bank, that presumption applied only to real property owned jointly by a husband and wife, and not to personal property. Accordingly, it is the position of Mr. and Mrs. Xayavong that because their automobile is titled in the names of "Daononh Xayavong or Vongsack Xayavong," Beal Bank required the trial court to consider it to be presumptively held as a tenancy by the entireties, and thus exempt from levy for the debt of only one of the couple. This view ignores the impact of section 319.22.
Section 319.22 was adopted by the legislature in response to Roger Dean Chevrolet, Inc. v. Fischer, 217 So.2d 355 (Fla. 4th DCA 1969). In Fischer the Fourth District held that an automobile titled in the name of "James L. or Susann G. Fisher" was owned as an estate by the entireties, given the intention of the parties in that case. Section 319.22(2), contains the following provisions concerning the proper endorsement for the transfer of automobile titles:
(a) ... Proper endorsement shall be:
1. When a motor vehicle or mobile home is registered in the names of two or more persons as coowners in the alternative by the use of the word "or," such vehicle shall be held in joint tenancy. Each coowner shall be deemed to have granted to the other coowner the absolute right to dispose of the title and interest in the vehicle or mobile home, and the signature of any coowner shall constitute proper endorsement. Upon the death of a coowner, the interest of the decedent shall pass to the survivor as though title or interest in the vehicle or mobile home was held in joint tenancy. This provision shall apply even if the coowners are husband and wife.
2. When a vehicle or mobile home is registered in the names of two or more persons as coowners in the conjunctive by the use of the word "and," the signature of each coowner or his or her personal representative shall be required to transfer title to the vehicle or mobile home.
In Amsouth Bank of Florida v. Hepner, 647 So.2d 907 (Fla. 1st DCA 1994), a case involving the levy on an automobile that predated Beal Bank, the First District interpreted these provisions of section 319.22(2) to require that with respect to motor vehicles, there must be more than just an intention to create a tenancy by the entireties. The automobile, according to the Hepner court, must also be titled conjunctively in the names of the husband and the wife. Thus, extrinsic evidence could not be used to establish an estate by the entireties in a motor vehicle where the Florida title lists the coowners using the disjunctive "or." See Hepner; In re Brown, 162 B.R. 616 (Bankr.M.D.Fla.1993).
We agree with this plain reading of section 319.22(2)(a), and conclude as a result that the language of the statute is not affected by Beal Bank. We do so because the presumption established by Beal Bank only appears to apply when an uncertainty or ambiguity exists in the quality of the title. See In re Daniels, 309 B.R. at 59. That is to say, there would be no need for a presumption if there is certainty in the manner in which the property is held. Moreover, the Supreme Court specifically held in Beal Bank that "an express designation on the signature card that the account is held as a tenancy by the entireties ends the inquiry as to the form of ownership," and that an express disclaimer indicating that a tenancy by the entireties was not intended, will also be given specific effect. See Beal Bank, 780 So.2d at 60.
The statute accomplishes the same end. It eliminates the ambiguity with respect to *1078 the ownership of motor vehicles and motor homes, so long as they are titled in the manner described in the statute. It seems only logical, therefore, that the presumption must give way to a statute that specifically prescribes how to create a coownership interest in a particular variety of personal property. If individuals can eliminate the ambiguity, then the legislature can do likewise.
We, thus, agree with the trial court that Beal Bank does not extend to the attachment of a motor vehicle, when the vehicle is titled in the manner described by section 319.22(2)(a). Having reached this conclusion, we also agree that the motion of Mr. and Mrs. Xayavong to dissolve the levy was properly denied.
AFFIRMED.
SAWAYA, CJ., and PETERSON, J., concur.