DOWNEY, Judge.
In this forfeiture proceeding filed pursuant to Chapter 932, Florida Statutes (1983), the property owner requested a jury trial, which the trial court denied. Since we hold that action of the trial court was error, we need not treat the merits of the order declaring forfeiture.
*809 The question of the right to trial by jury in forfeiture proceedings has been treated in detail in an excellent opinion in United States v. One 1976 Mercedes Benz 280S, 618 F.2d 453 (7th Cir.1980). Although that case involves an application of the seventh amendment to the federal constitution, which amendment is not binding upon the states, federal decisions construing that amendment are persuasive in construing similar state constitutional provisions. Dudley v. Harrison, McCready & Company, 127 Fla. 687, 173 So. 820 (1937). The analysis in One 1976 Mercedes of the existence of forfeiture proceedings at common law with the right to jury trial supports the contention that article I, section 22, of the Florida Constitution entitles one to a jury trial in forfeiture proceedings under Chapter 932, Florida Statutes. The question is not whether this specific act existed at that time, but whether forfeiture proceedings were known to the common law. It is clear they were, and that jury trials were allowed in those proceedings. Therefore, upon authority of One 1976 Mercedes Benz we hold that appellant was entitled to a jury trial, recognizing that in so holding we are in conflict with a contrary holding of the First District Court of Appeal in Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984).
For the foregoing reasons, we reverse the order appealed from and remand the cause to the trial court for the purpose of affording appellant a jury trial.
REVERSED AND REMANDED, with directions.
ANSTEAD, C.J., and WALDEN, J., concur.