EHRLICH, Justice.
We have for review a decision of the Fourth District Court of Appeal, In re Forfeiture of One 1978 Chevrolet Van, 467 So.2d 808 (Fla. 4th DCA 1985), which directly and expressly conflicts with a decision of another district court, Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984), on the question of whether there is a right to a jury trial under article I, section 22 of the Florida Constitution, in civil forfeiture proceedings instituted under Florida’s Contraband Forfeiture Act, sections 932.701-.704, Florida Statutes (1983).[1] The district court in the instant case concluded *434 that there is such a right. We agree and approve the decision below.
In November 1983, Lloyd Green, the respondent in this action, was arrested for the sale, delivery, or possession with intent to sell a controlled substance in violation of section 893.13(l)(a)2, Florida Statutes (1983). At the time of his arrest Green’s 1978 Chevy van, .45 caliber handgun, and over $4,000 in cash were seized. Shortly after Green’s arrest, the Broward County Sheriff, petitioner herein, initiated forfeiture proceedings pursuant to section 932.-; 704, Florida Statutes (1983). Green made a timely request for a jury trial which was denied by the trial court. After a trial on the merits before the trial court, a final order of forfeiture of all the personal property at issue was entered.
On appeal, the district court held that the denial of Green’s request for a jury trial was error, reversed the order of forfeiture and remanded for a jury trial.
Article I, section 22 of the Florida Constitution (1968) provides in part: “The right of trial by jury shall be secure to all and remain inviolate.” Our first constitution of 1838, which became effective upon Florida’s admittance to the Union in 1845, and all subsequent constitutions have contained similar provisions. This provision guarantees the right to trial by jury in those cases in which the right was enjoyed at the time this state’s first constitution became effective in 1845. State v. Webb, 335 So.2d 826 (Fla.1976); Carter v. State Road Department, 189 So.2d 793 (Fla.1966); Pugh v. Bowden, 54 Fla. 302, 45 So. 499 (1907). With this rule in mind, the district court looked to the scholarly opinion of the United States Circuit Court for the Seventh Judicial Circuit in United States v. One 1976 Mercedes Benz 280S, 618 F.2d 453 (7th Cir.1980), and concluded that “the existence of forfeiture proceedings at common law with the right to jury trial supports the contention that article I, section 22, of the Florida Constitution entitles one to a jury trial in forfeiture proceedings under Chapter 932, Florida Statutes.” 467 So.2d at 809.
The district court recognized that its decision was in direct conflict with that of the First District Court in Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984). When faced with this issue, the Smith court concluded “[t]he Florida Contraband Forfeiture Act did not exist at common law, and there is therefore no right to a jury trial in a forfeiture proceeding under that Act.” 454 So.2d at 664. The query of the Smith Court appears to have been whether this specific act existed at common law. The district court below concluded “[t]he question is not whether this specific act existed at that time, but whether forfeiture proceedings were known to the common law.” 467 So.2d at 809.
The State of Florida, as amicus curiae, contends that in rem forfeiture proceedings,[2] such as those instituted pursuant to chapter 932, are not a “part of the common law,” as such proceedings are statutory in nature and are not the result of judicial decision. Therefore, article I, section 22 does not secure the right to a jury trial in such proceedings. The state clearly misapprehends the scope of the term “common law” as utilized in this context.
First, we note that the term “common law” does not appear in article I, section 22 or in any prior state constitutional provision on the subject, as it does in the provision’s federal counterpart. The seventh amendment to the United States Constitution provides in part:
In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved....
Although the seventh amendment guarantee to the right of trial by jury is only binding upon federal courts, this Court has recognized that federal decisions construing it are helpful and persuasive in *435 construing this state’s constitutional provision of like import. Dudley v. Harrison McCready & Co., 127 Fla. 687, 173 So. 820 (1937). Therefore, it is apparent to us that reference to the “common law” in regard to the right to a jury trial under our state constitution is the result of reliance on federal decisions construing that right under the seventh amendment to the United States Constitution. As used in the context of the right to a jury trial under the seventh amendment, the term “common law” is used in a jurisdictional sense “in contradistinction to equity, and admiralty, and maritime jurisprudence.” Parsons v. Bedford, Breedlove & Robeson, 28 U.S. (3 Pet.) 433, 446, 7 L.Ed. 732 (1830).. It includes not only the lex non scripta but also the written statutes enacted by both Parliament and Congress. See, e.g., People v. One 1941 Chevrolet Coupe, 37 Cal.2d 283, 231 P.2d 832, 835 (1951); One 1976 Mercedes Benz, 618 F.2d at 456-57.
The constitutional right to a trial by jury is not to be narrowly construed. See Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla.1975). This right is not limited strictly to those specific proceedings in which it existed before the adoption of our constitution, but should be extended to proceedings of like nature as they may arise. Wiggins v. Williams, 36 Fla. 637, 18 So. 859 (1896). Accord, People v. One 1941 Chevrolet Coupe, 37 Cal.2d 283, 231 P.2d 832 (1951); State v. 1920 Studebaker, 120 Or. 254, 251 P. 701 (1926); Colon v. Lisk, 13 A.D. 195, 43 N.Y.S. 364, aff'd, 153 N.Y. 188, 47 N.E. 302 (1897).
In Wiggins v. Williams this Court stated:
“[W]hen the right of trial by jury is secured by constitutional provision in general terms like ours, and without any qualification or restriction, it must be understood as retained in all those cases that were triable by jury according to the course of the common law. The provision in the first Constitution [securing the right of jury by trial] contemplated, without doubt, a continuation of jury trials in all cases where such was the practice at the common law, and there is nothing in the subsequent Constitutions to indicate a change of meaning in this respect.” [quoting Buckman v. State, 34 Fla. 48, 15 So. 697 (1894).] ... The authorities, with great uniformity hold that constitutional provisions like ours were designed to preserve and guarantee the right of trial by jury in proceedings according to the course of the common law as known and practiced at the time of the adoption of the Constitution.

“[T]he Constitution was intended to provide for the future as well as the past, to protect the rights of the people by every safeguard which their wisdom and experience then approved, whether those rights then existed by rules of the common law, or might from time to time arise out of subsequent legislation. All the rights, whether then or thereafter arising, which would properly fall into those classes of rights to which by the course of the common law the trial by jury was secured, were intended to be embraced within this article. Hence, it is not the time when the violated right first had its existence, or whether the statute which gives rise to it was adopted before or after the Constitution, that we are to regard as the criterion of the extent of this provision of the Constitution, but it is the nature of the controversy between the parties, and its fitness to be tried by a jury according to the rules of the common law, that must decide the question.” [quoting Plimpton v. Town of Somerset, 33 Vt. 283 (1860).]
36 Fla. at 650-51, 653, 18 So. at 863-64.
We cannot agree with the state that the district court “misstated” the issue presented. However, we conclude that the more precise inquiry to be made in this case is: whether under English and American practice at the time Florida’s first constitution became effective in 1845, there existed a right to a jury trial in civil pro *436 ceedings in rem for the enforcement of statutory forfeitures.[3]
After an exhaustive historical analysis of civil in rem forfeiture proceedings, the Seventh Circuit in One Mercedes Benz concluded that as of 1791, the effective date of the Bill of Rights, it was the practice in both England and America to provide for a jury trial in such proceedings. 618 F.2d at 458. Under section 9 of the Judiciary Act of 1789, as of 1791 in America, if the seizure occurred on land the trial court sat as a court of common law and the trial was by jury; if the seizure occurred on navigable waters the court sat as a court of admiralty and trial was by the court.[4] 618 F.2d at 459. It appears that prior to 1791 all seizures in England, for violation of laws of revenue, trade and navigation were tried by a jury in the court of exchequer, according to the course of the common law. Id. at 462-63. It also appears the Judiciary Act of 1789 was Congress’s attempt to reinstate the right to a jury trial which had been taken away from the colonists by Parliament when it placed jurisdiction over forfeiture proceedings in rem in the colonies’ admiralty courts. Id. at 463-65.
We agree with the conclusions reached by the Seventh Circuit in One Mercedes Benz; and, therefore, conclude that as of 1845 there was a right to a jury trial in in rem forfeiture proceedings heard in the common law courts. We note that the majority of jurisdictions which have provisions similar to article I, section 22 have likewise held that there is a right to a trial by jury-in proceedings to enforce civil forfeiture statutes. See, e.g., People v. One 1941 Chevrolet Coupe, 37 Cal.2d 283, 231 P.2d 832 (1951); State v. 1920 Studebaker, 120 Or. 254, 251 P. 701 (1926); Keeter v. State ex rel. Sage, 82 Okl. 89, 198 P. 866 (1921); Colon v. Lisk, 13 A.D. 195, 43 N.Y.S. 364 (1897); See also Commonwealth v. One 1972 Chevrolet Van, 385 Mass. 198, 431 N.E.2d 209 (1982).
Our conclusion that article I, section 22 preserves the right to trial by jury in in rem forfeiture proceedings is further supported by section 2.01, Florida Statutes (1983). Section 2.01 provides:
The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the 4th day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this state.
This provision was first enacted by the territorial government of Florida as section 1 of the Act of November 6, 1829. It expressly makes English common law and statutory law as of July 4,1776 part of *437 the law of Florida. Knapp v. Fredricksen, 148 Fla. 311, 4 So.2d 251 (1941); State ex rel. Williams v. Coleman, 131 Fla. 892, 180 So. 357 (1938). Generally speaking, the common practice according to the common and statutory law of England prior to July 4, 1776 remains in effect in Florida unless and until it is modified or superseded by statute. Le Roy v. Reynolds, 141 Fla. 586, 193 So. 843 (1940); Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932).
It has been argued that the summary proceeding provided under section 932.-704 has effectively superseded any common law custom to provide for a jury trial in proceedings such as this. Such a result is precisely what article I, section 22 protects against. Article I, section 22 preserves the right to a trial by jury in those classes of actions where such right was recognized prior to 1845. As of 1829, the English practice of jury trial of statutory forfeiture proceedings became part of the territorial law of Florida. Our constitution preserves that right; thus, the legislature cannot abrogate it by statute.
Accordingly, we approve the decision of the district court below and disapprove any language in Smith v. Hindery which conflicts with this decision.
It is so ordered.
ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
McDONALD, C.J., dissents.

. This act provides for seizure and forfeiture to the state of personal property which is used in the commission of a felony.

. The Florida Contraband Forfeiture Act provides for a statutory forfeiture in rem, against the property itself, as opposed to a common law forfeiture upon conviction which is in person-am against the defendant. See 37 C.J.S. Forfeiture § 2 (1943).

. We note this inquiry is similar to that employed by the Seventh Circuit in One Mercedes Benz, The Seventh Circuit in One Mercedes Benz conducted a "historical investigation" to determine "whether under English and American practice [prior to December 15, 1791, the effective date of the Bill of Rights] trial by jury was utilized in civil proceedings in rem for enforcement of statutory forfeitures in violation of customs laws or other statutes; or whether, on the other hand, such a proceeding fell within the scope of equity or admiralty, where jury trial was traditionally unavailable." 618 F.2d at 458 (footnotes omitted).

. This land/water dichotomy was first enunciated by Chief Justice John Marshall in The Sarah, 21 U.S. (8 Wheat.) 391, 392, 5 L.Ed. 644 (1823), where he wrote:
By the act constituting the judicial system of the United States, the district courts are courts both of common-law and admiralty jurisdiction. In the trial of all cases of seizure, on land, the court sits as a court of common law. In cases of seizure made on waters navigable by vessels of ten tons burden and upwards, the court sits as a court of admiralty. In all cases at common law, the trial must be by jury. In cases of admiralty and maritime jurisdiction, it has been settled that the trial is to be by the court.
(Citations omitted.)
The conclusion that prior to 1791 forfeiture proceedings within the common law jurisdiction of the United States District Courts were tried before a jury is well supported. See, e.g., United States v. The Betsey and Charlotte, 8 U.S. (4 Cranch) 443, 2 L.Ed. 673 (1808); C.J. Hendry Co. v. Moore, 318 U.S. 133, 63 S.Ct. 499, 87 L.Ed. 663 (1943); Warren, New Light on the History of the Federal Judiciary Act of 1789, 37 Harv.L.R. 49, 74-75 (1923).