HERSEY, Chief Judge.
We withdraw our opinion reported at 11 F.L.W. 1608 (Fla. 4th DCA July 23, 1986), and substitute the following:
James Hall seeks review of a final order of forfeiture perfecting the interest of the Sheriff of Broward County in a 1978 Chevrolet Corvette.
By way of background, Hall’s Corvette was seized on April 29, 1982, pursuant to the Florida Contraband Forfeiture Act, section 932.701-704, Florida Statutes (1981). The sheriff thereafter began forfeiture proceedings in circuit court, resulting in the entry of a final order of forfeiture in favor of the sheriff in August 1982. This court later reversed the order of forfeiture due to lack of proper notice to appellant. See In re Forfeiture of One 1978 Chevrolet Corvette, 447 So.2d 1031 (Fla. 4th DCA 1984).
Upon issuance by the trial court of a second rule to show cause in June 1984, appellant filed a timely demand for jury trial, which was denied. After a trial before the court a final order of forfeiture was again entered, from which Hall appeals.
One of the issues raised on appeal is that the trial court erred in denying appellant’s demand for a jury trial. In In re Forfeiture of One 1978 Chevrolet Van, 467 So.2d 808 (Fla. 4th DCA 1985), this court held that a property owner, upon timely request, is entitled to a jury trial in a forfeiture proceeding, though recognizing a conflict with Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984). This court’s decision in One 1978 Chevrolet Van was recently upheld by the Florida Supreme Court at 493 So.2d 433 (Fla.1986).
We conclude that appellant’s other allegations of error are without merit.
*1222 The order of forfeiture is reversed, and this cause is remanded for a jury trial.
REVERSED AND REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.