GLICKSTEIN, Judge.
This is an appeal of a final order finding an automobile and certain monies subject to forfeiture, and an order assessing costs. We affirm.
On November 7, 1984, at approximately 8:00 a.m. appellant, Raul Quintana, drove his 1982 Buick to Chuco’s Grocery, his place of business. Before leaving the house appellant placed $17,020.00 in cash in the trunk of his vehicle.
Appellant testified that as part of his business he cashes personal and payroll checks of his patrons; that he takes those checks once or twice per week to a wholesale grocery store which sells him groceries; that the checks are used to pay for the groceries and if the amount of the checks *536 exceeds the cost of the groceries, appellant receives the difference in cash; that the cash is then put in the trunk of his car and enough cash to operate the store is removed as needed; and that cash from the register is also placed in the trunk of his car for safekeeping.
On November 7, 1984, a search warrant was issued for appellant’s place of business. During the execution of the warrant appellant was searched. A folded piece of tinfoil containing cocaine was found in his pocket. Appellant’s car, which was located near the front door of his business was also searched. Two bags of currency totaling $17,020 were found in the trunk.
Appellant’s business is located in a high crime area in Pompano Beach. The police stated that due to the presence of a large crowd in the area and for safety and security reasons, the vehicle was towed to the police garage to complete the search.
On March 8, 1985, the cash was taken to the Broward County Sheriff’s Crime Lab. Testimony revealed that cocaine, not visible to the naked eye, was present on some of the bills.
A final judgment of forfeiture was rendered. Appellant was also taxed costs. This appeal followed. Having considered all five issues raised by appellant, we shall address two here.
I.
The first issue is whether the trial court improperly considered hearsay. We conclude it did not.
The trial court here patiently and specifically delineated its findings and conclusions on the record at the forfeiture hearing, referring to decisions of this court. It separated hearsay considerations from its ultimate determination, reciting with precision its rejection of appellant’s testimony. There was substantial competent evidence to sustain the trial court’s findings.
This case points out the necessity, in our view, for the supreme court to delineate procedures to be followed in forfeiture cases, now that jury trial is definitely available. See In re Forfeiture of1978 Chevrolet Van, 493 So.2d 433 (Fla.1986). Although some federal courts have recognized the right to jury trial in forfeiture cases, see, e.g., United States v. One 1976 Mercedes Benz 280S, 618 F.2d 453 (7th Cir.1980); Vance v. United States, 676 F.2d 183, 186 (5th Cir.1982), the traditional burden of proof has apparently been retained in such proceedings.[1] We believe it may be difficult to try these cases before a jury with the concept of “probable cause” being involved in the forfeiture hearing.[2]
The Florida Supreme Court dismissed the cause that was pending before it with questions similar to those concerning us here. See In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d 306 (Fla. 4th DCA 1985), cause dismissed, 494 So.2d 1150 (1986). Hopefully, it will consider the following questions we believe to be of great public importance:
1. WHAT PROCEDURE SHOULD BE FOLLOWED IN THE TRIAL OF A FORFEITURE ACTION?
2. WHAT ROLE, IF ANY, DOES “PROBABLE CAUSE” PLAY IN THE TRIAL OF SUCH ACTION?
3. WHAT ROLE, IF ANY, DOES “HEARSAY” PLAY IN THE TRIAL OF SUCH ACTION?
II.
The second issue we address is whether the trial court erred in awarding costs to appellee. We conclude that it did not.
*537 Appellee’s motion to tax costs was premised upon Section 57.041(1) Florida Statutes (1985), which states:
57.041 Costs; recovery from losing party.
(1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
Section 932.704 Florida Statutes (1985), dealing with forfeiture proceedings states:
(3)(a) Whenever the head of the law enforcement agency effecting the forfeiture deems it necessary or expedient, to sell the property forfeited rather than to retain it for the use of the law enforcement agency, or if the property is subject to a lien which has been preserved by the court, he shall cause a notice of the sale to be made by publication as provided by law and thereafter shall dispose of the property at public auction to the highest bidder for cash without appraisal. In lieu of the sale of the property, the head of the law enforcement agency, whenever he deems it necessary or expedient, may salvage the property or transfer the property to any public or nonprofit organization, provided such property is not subject to a lien preserved by the court as provided in s. 932.703(3). The proceeds of sale shall be applied: first, to payment of the balance due on any lien preserved by the court in the forfeiture proceedings; second, to payment of the cost incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of such property; third, to payment of court costs incurred in the forfeiture proceeding. [Emphasis added.]
Attempting to read these statutes together or letting the more specific control over the more general, the language in Section 932.704 would appear to be controlling. However, before it could be known whether Section 932.704(3)(a) is applicable in the present situation it would have to be determined whether the forfeited property was sold, as well as whether there were any proceeds remaining to satisfy court costs after satisfaction of any lien preserved by the court or any cost incurred by the seizing agency as delineated in Section 932.704(3)(a). We therefore affirm the order assessing costs, without prejudice to appellant to petition the trial court for a reduction of court costs assessed against him by the amount of any proceeds remaining after satisfaction of prior expenses under Section 932.704(3)(a), if and when the seized property is sold. We also certify the following question as being of great public importance:
IS SECTION 932.704(3)(a), FLORIDA STATUTES (1985), INTENDED TO RELIEVE AN UNSUCCESSFUL CLAIMANT FROM LIABILITY FOR COURT COSTS ASSESSED UNDER SECTION 57.041 FLORIDA STATUTES (1985), TO THE EXTENT THAT THERE ARE PROCEEDS REMAINING FROM THE SALE OF THE FORFEITED GOODS AFTER SATISFACTION OF EXPENSES RECEIVING PRIORITY UNDER SECTION 932.704(3)(a)?
ANSTEAD, J., and KLEIN, HERBERT J., Associate Judge, concur.

. For example, 19 U.S.C. § 1615 provides, in pertinent part:
In all suits or actions (other than those arising under section 1592 of this title) brought for the forfeiture of any vessel, vehicle, aircraft, merchandise, or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant ... Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court....

. For a thorough discussion on the history of forfeiture proceedings and the due process implications of shifting the burden of proof, see Note, Due Process Implication of Shifting the Burden of Proof in Forfeiture Proceedings Arising Out of Drug Transactions, 1984 Duke L.J. 822 (1984).