989 So.2d 6 (2008)
Dedra B. Azonobi O'NEAL, Appellant,
v.
FLORIDA A & M UNIVERSITY, by and through the BOARD OF TRUSTEES FOR FLORIDA A & M UNIVERSITY, Appellee.
No. 1D07-2466.
District Court of Appeal of Florida, First District.
June 5, 2008.
*7 Marie A. Mattox, Tallahassee and Richard E. Johnson, Tallahassee, for Appellant.
Carl R. Peterson, Jr., of Skelding, Labasky, Corry, Eastman, Hauser, & Jolly, Tallahassee, for Appellee.
BENTON, J.
We hold that a right to compensation for wages lost on account of wrongful termination of employment is a right "of the sort traditionally enforceable in an action at law," reverse the judgment below, which was entered after a non-jury trial, and remand with directions to reinstate the plaintiff's demand for trial by jury. King Mountain Condo. Ass'n, Inc. v. Gundlach, 425 So.2d 569, 571 (Fla. 4th DCA 1982). See Fox v. City of Pompano Beach, 33 Fla. L. Weekly D795, D796 (Fla. 4th DCA Mar. 19, 2008) ("[S]ection 112.3187(9)(c) of the Whistle-blower's Act permits a plaintiff to *8 recover `[c]ompensation, if appropriate, for lost wages, benefits, or other lost remuneration caused by the adverse action.' Unquestionably, this compensatory remedy consists of money damages, which are legal rather than equitable in nature.").

I.
Dedra B. Azonobi O'Neal appeals the final judgment entered in favor of Florida Agricultural & Mechanical University in the action she brought under the Florida Whistle-blower's Act, sections 112.3187-112.31895, Florida Statutes (2003) (the Act). According to her complaint, she was working for the University under an annual contract of employment when she made oral reports to the administration, alleging irregularities in the University's scholarship accounts; an ensuing internal investigation failed to substantiate at least some of her claims; and, in 2003, the University declined to renew her annual contract, a decision that effectively terminated her employment.
Ms. O'Neal filed suit against the University under the Act, alleging that her employment had been terminated in retaliation for the disclosures she had made about the scholarship funds. She filed a demand for jury trial along with her complaint, which the University moved to strike, contending that the action was not triable by a jury as a matter of right. The trial court granted the motion, heard the case in a bench trial,[1] and ruled for the University.

II.
The Act does not in terms provide for trial by jury. See Cerrito v. Kovitch, 457 So.2d 1021, 1022 (Fla.1984). Accordingly, we ask first whether the action Ms. O'Neal brought under the Act was triable by a jury under the common law existing at the time the Florida Constitution was adopted; and then, because we conclude such actions were unknown at that time, whether she is seeking legal or only equitable relief. See Tull v. United States, 481 U.S. 412, 421, 107 S.Ct. 1831, 95 L.Ed.2d 365 *9 (1987); Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990); Mitchell v. Consol. Freightways Corp. of Del., 747 F.Supp. 1446, 1449 (M.D.Fla.1990).

A.
As the University convincingly demonstrates, the Act created a cause of action that did not exist at common law at the time the Florida Constitution was adopted in 1845. See generally In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433, 434 (Fla.1986). Before the Act, a public employee fired in retaliation for whistleblowing could not sue either for breach of contract or for any tort based on retaliatory discharge. See Smith v. Piezo Tech. & Prof'l Adm'rs, 427 So.2d 182, 184 (Fla. 1983); Hartley v. Ocean Reef Club, Inc., 476 So.2d 1327, 1328-30 (Fla. 3d DCA 1985). Not until 1986 did the Act create "a `stand-alone statutory scheme' designed to provide an aggrieved party with a remedy against the state or its agencies or subdivisions under certain, specified conditions." Dep't of Ed. v. Garrison, 954 So.2d 84, 86 (Fla. 1st DCA 2007).

B.
The mere fact that adoption of the Constitution antedated the Act is not determinative. See Wiggins v. Williams, 36 Fla. 637, 653, 18 So. 859, 864 (1896) ("it is not the time when the violated right first had its existence, nor whether the statute which gives rise to it was adopted before or after the constitution, that we are to regard as the criterion").
The constitutional right to a trial by jury is not to be narrowly construed. See Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla.1975). This right is not limited strictly to those specific proceedings in which it existed before the adoption of our constitution, but should be extended to proceedings of like nature as they may arise. Wiggins v. Williams, 36 Fla. 637, 18 So. 859 (1896).
In re Forfeiture, 493 So.2d at 435. The phrase "proceedings of like nature" means cases of the kind that would have been triablehad they been maintainable anywherein courts of law, when law courts existed independently of chancery and admiralty, with their own separate jurisdiction and an identity "in contradistinction to equity ... and admiralty...." Id. (quoting Parsons v. Bedford, Breedlove & Robeson, 28 U.S. (3 Pet.) 433, 446, 7 L.Ed. 732 (1830)).

C.
As a former employee making a claim under the Act, Ms. O'Neal asserted a right to "[c]ompensation ... for lost wages, benefits, or other lost remuneration caused by" her allegedly retaliatory discharge. § 112.3187(9)(c), Fla. Stat. (2004). While any substantive right she has to back pay is statutory, as a party seeking "to invoke rights and remedies of the sort traditionally enforceable in an action at law," she had a concomitant right to trial by jury, as a matter of Florida constitutional law. Gundlach, 425 So.2d at 571. See Art. I, § 22, Fla. Const. ("The right of trial by jury shall be secure to all and remain inviolate.").
The general rule is that "where an action is simply ... for the recovery of a money judgment, the action is one at law." Pernell v. Southall Realty, 416 U.S. 363, 370, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974) (quoting Whitehead v. Shattuck, 138 U.S. 146, 151, 11 S.Ct. 276, 34 L.Ed. 873 (1891)). See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002); Waldrop v. S. Co. Servs., Inc., 24 F.3d 152, 157 (11th Cir. *10 1994); see also Curtis v. Loether, 415 U.S. 189, 194, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (holding that the Seventh Amendment confers the right to trial by jury in a case based on a statute if the "statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law"). Because she sought legal relief in the form of money damages as compensation for lost wages, Ms. O'Neal was entitled to a jury trial. See Fox, 33 Fla. L. Weekly at D796.

III.
The Supreme Court has characterized a claim for back pay and benefits as a legal remedy triggering the right to a jury trial. See Terry, 494 U.S. at 570, 110 S.Ct. 1339. The Court has never held that back pay was an equitable remedy under Title VII of the Civil Rights Act of 1964, another statute designed to protect workers against, inter alia, retaliatory discharge. See Knudson, 534 U.S. at 218 n. 4, 122 S.Ct. 708 (observing that Congress treated back pay as equitable in the Title VII context "only in the narrow sense that it allowed back pay to be awarded together with equitable relief"); Terry, 494 U.S. at 572, 110 S.Ct. 1339 (discussing back pay in Title VII context, but declining to decide that no right to a jury exists arising out of a claim for lost wages in those cases); Curtis, 415 U.S. at 196-97, 94 S.Ct. 1005 (expressing no view on the right to a jury trial in actions for reinstatement and back pay in Title VII cases).
The United States Supreme Court draws a distinction between restitution at law ("legal restitution") and restitution in equity ("equitable restitution"), as it recently explained in a case where the distinction was determinative:
[N]ot all relief falling under the rubric of restitution is available in equity. In the days of the divided bench, restitution was available in certain cases at law, and in certain others in equity. See, e.g., 1 Dobbs § 1.2, at 11; id., § 4.1(1), at 556; id., § 4.1(3), at 564-565; id., §§ 4.2-4.3, at 570-624; 5 Corbin § 1102, at 550; Muir, ERISA Remedies: Chimera or Congressional Compromise?, 81 Iowa L.Rev. 1, 36-37 (1995); Redish, Seventh Amendment Right to Jury Trial: A Study in the Irrationality of Rational Decision Making, 70 Nw. U.L.Rev. 486, 528 (1975). Thus, "restitution is a legal remedy when ordered in a case at law and an equitable remedy ... when ordered in an equity case," and whether it is legal or equitable depends on "the basis for [the plaintiff's] claim" and the nature of the underlying remedies sought. Reich v. Continental Casualty Co., 33 F.3d 754, 756 (C.A.7 1994) (Posner, J.).
In cases in which the plaintiff "could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him," the plaintiff had a right to restitution at law through an action derived from the common-law writ of assumpsit. 1 Dobbs § 4.2(1), at 571. See also Muir, supra, at 37. In such cases, the plaintiff's claim was considered legal because he sought "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." Restatement of Restitution § 160, Comment a, pp. 641-642 (1936). Such claims were viewed essentially as actions at law for breach of contract (whether the contract was actual or implied).
In contrast, a plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the *11 plaintiff could clearly be traced to particular funds or property in the defendant's possession. See 1 Dobbs § 4.3(1), at 587-588; Restatement of Restitution, supra, § 160, Comment a, at 641-642; 1 G. Palmer, Law of Restitution § 1.4, p. 17; § 3.7, p. 262 (1978). A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. But where "the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor," and the plaintiff "cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant]." Restatement of Restitution, supra, § 215, Comment a, at 867. Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

Knudson, 534 U.S. at 212-14, 122 S.Ct. 708 (emphasis in the last sentence supplied). Ms. O'Neal's claim for back pay does not seek to recover particular funds or property the University holds, but to impose personal liability on the University under the Act.
She is seeking compensation for wages she was not permitted to earn, not to recover title or impose a lien. Ms. O'Neal's claim is that the University unlawfully terminated her employment, wrongfully depriving her of the chance to earn, inter alia, what she seeks in back pay. Her claim is indistinguishable from numerous other claims for money damages to which the right to jury trial unquestionably attaches. See Padgett, 378 So.2d at 63 ("To the extent that the complaint sought relief in the nature of monetary damages ..., appellants were clearly entitled to request a jury trial."). Had her cause of action been maintainable then, it would have been triable at law "[i]n the days of the divided bench." Knudson, 534 U.S. at 212, 122 S.Ct. 708.
In Florida, as long as an action presents a legal issue, even if the legal issue is merely "incidental to the equitable issues," trial courts must grant requests for trial by jury.[2]Cerrito, 457 So.2d at 1022 (citing Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)); see also Padgett v. First Fed. Sav. & Loan Ass'n, 378 So.2d 58, 64 (Fla. 1st DCA 1979) (holding that the coexistence of legal and equitable claims "cannot deprive either of the parties of a right to a jury trial of issues traditionally triable by jury as a matter of right"), receded from on other grounds in Bennett v. Cont'l Chems., Inc., 492 So.2d 724, 727 (Fla. 1st DCA 1986); Constr. Sys. & Eng'g, Inc. v. Jennings Constr. Corp., 413 So.2d 1236, 1237 (Fla. 3d DCA 1982). Back pay is properly deemed restitution only in the sense of "legal restitution" as opposed to "equitable restitution." That Ms. O'Neal also sought *12 front pay[3] or other equitable relief is thus immaterial to her right to a jury trial. Because Ms. O'Neal sued for back pay, she did not seek purely equitable relief.

IV.
At issue in the present case is the right to trial by jury in proceedings in Circuit Court. We do not address the question whether the Legislature might have chosen to require that these matters be resolved in an administrative forum. Our supreme court was concerned in Broward County v. La Rosa, 505 So.2d 422, 424 (Fla.1987) with "the distinction between judicial and quasi-judicial [i.e., administrative] proceedings," and only incidentally with the ancient distinction between law and equity which is determinative here. The court's decision in Metropolitan Dade County Fair Housing & Employment Appeals Board v. Sunrise Village Mobile Home Park, Inc., 511 So.2d 962, 966 (Fla. 1987), was similarly concerned, not so much with the difference between law and equity as with the separation of powers required under the state constitution. Our supreme court did say that giving administrative agencies authority to award "damages for ... nonquantifiable injuries" violated article I, section 22, 511 So.2d at 966, but it did not sayand has never heldthat the right to a jury trial would only be triggered in those cases where unliquidated damages are awardable.
In fact, a later supreme court approved an administrative scheme to compensate citrus growers for unliquidated damages, expressly rejecting the growers' article I, section 22 challenge. See Dep't of Agric. & Consumer Servs. v. Bonanno, 568 So.2d 24 (Fla.1990). By statute, the Legislature had set compensation schedules, and the statute contemplated an administrative hearing if the affected grower would not accept the scheduled amount. Upholding the statute's displacement of courts' jurisdiction even in pending cases, the supreme court held that the "exclusive remedy for compensation for citrus plants destroyed under the Canker Program is through the administrative hearing process," albeit subject to judicial review. Id. at 29.
When the issue is the right to trial by jury, the dispositive question is not whether damages are liquidated or unliquidated,[4] but whether "the damages flow from the assertion of a right requiring a jury trial." Fair Housing, 511 So.2d at 968 (Adkins, J., dissenting). Our supreme court explained:
This Court in In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433, 435 (Fla. 1986), determined that the proper inquiry to be made under this state constitutional provision [Art. I, § 22] was "whether under English and American practice at the time Florida's first constitution became effective in 1845, there *13 existed a right to a jury trial" in a given type of proceeding.
Bonanno, 568 So.2d at 28. The dichotomy between law and equity has become obsolete in many contexts but survives as the controlling criterion when the question is whether the state constitution confers the right to trial by jury in judicial proceedings.

V.
Even before the decision in Fox, Florida appellate courts routinely assumed the right to trial by jury in cases brought under the Whistle-blower's Act. See Irven v. Dep't of Health & Rehabilitative Servs., 790 So.2d 403, 405-07 (Fla.2001) (remanding case with directions to reinstate jury verdict and enter judgment on claim made under the Act); Fla. Dep't of Educ. v. Garrison, 954 So.2d 84, 85 (Fla. 1st DCA 2007) (affirming final judgment under the Act entered after jury verdict); Rosa v. Dep't of Children & Families, 915 So.2d 210, 211 (Fla. 1st DCA 2005) (reversing and remanding with directions to reinstate jury verdict on claim brought pursuant to the Act); Palm Beach County Health Dep't v. Wilson, 944 So.2d 428, 429 (Fla. 4th DCA 2006) (reversing and remanding for a new trial in action under the Act where juror failed to disclose material information during voir dire); Guess v. City of Miramar, 889 So.2d 840, 844-45 (Fla. 4th DCA 2004) (holding trial court properly submitted employee's claim under the Act to a jury); City of Hollywood v. Witt, 789 So.2d 1130, 1132 (Fla. 4th DCA 2001) (holding trial court erred in removing from jury's consideration employer's alleged reasons for terminating employee who sued under the Act); City of Miami v. Del Rio, 723 So.2d 299, 299-300 (Fla. 3d DCA 1998) (considering appeal following jury trial on claims brought pursuant to the Act); Costa v. Sch. Bd. of Broward County, 701 So.2d 414, 415-16 (Fla. 4th DCA 1997) (reversing final judgment entered following jury verdict on claim under the Act and remanding for a new trial); Edenfield v. Martin County, 583 So.2d 1097, 1098 (Fla. 4th DCA 1991) (reversing summary judgment in action under the Act and remanding for a jury trial).
Most courts that considered the question of the right to a jury trial under section 448.103, Florida Statutes, which creates a cause of action for retaliation against whistle blowers by private employers, decided in favor of such a right. See, e.g., Smith v. HCA Inc., No. 303CV754J99TEM, 2005 WL 1866395 (M.D.Fla. July 26, 2005); McKerns v. WCI Cmtys., Inc., No. 502005CA006386, 2006 WL 1010505 (Fla. 15th Cir. Ct. April 6, 2006); Stephenson v. P.C.M.D. Mgmt., Inc., No. 2006-CA-000461, 2006 WL 3422573 (Fla. 10th Cir. Ct. Nov. 16, 2006). But see Bernard v. Sears Home Improvement Prods., Inc., No. 00-1716-CA, 2001 WL 1924572 (Fla. 4th Cir.Ct. July 3, 2001). No court has suggested any distinction between Florida's private-sector and public-sector whistleblower acts that would justify denying the right to a jury trial in public-sector cases. The (public-sector) Act provides that relief granted on a valid claim "must include," among other things, "[c]ompensation, if appropriate, for lost wages, benefits, or other lost remuneration caused by the adverse action." § 112.3187(9)(c), Fla. Stat. (2004) (emphasis added). The private-sector act provides that "the court may order relief" in the form of, among other things, "[c]ompensation for lost wages, benefits, and other remuneration" and "[a]ny other compensatory damages allowable at law." § 448.103(2)(d)-(e), Fla. Stat. (2004). But this difference in wording[5] *14 is immaterial to the right to trial by jury.

VI.
In sum, a claim for back pay is triable to a jury upon the request of either party. See, e.g., Terry, 494 U.S. at 570, 110 S.Ct. 1339 (holding money damages for back pay and benefits were a legal remedy, entitling plaintiffs to a jury trial in their action against a union for breach of duty of fair representation); Waldrop, 24 F.3d at 159 (holding damages claimed for back pay in action under Rehabilitation Act a legal remedy to which jury trial right attaches); Rosati v. Boston Pipe Covering, Inc., 434 Mass. 349, 749 N.E.2d 143 (2001) (holding payments for lost wages and benefits remedies at law, not equitable restitution, entitling plaintiffs to jury trial under Massachusetts Constitution). In holding that back pay was a form of compensatory or legal damages triggering a plaintiff's right to a jury trial, one court reasoned that back pay "is clearly a measure of ... loss and more akin to damages than it is to [equitable] restitution." Beesley v. Hartford Fire Ins. Co., 723 F.Supp. 635, 644 (N.D.Ala.1989) ("Money recovery called `damages' is generally based upon plaintiff's loss, while money recovery called restitution is based upon defendant's gain."). "Questions as to the right to a jury trial should be resolved, if at all possible, in favor of the party seeking the jury trial." Hollywood, Inc. v. City of Hollywood, 321 So.2d 65, 71 (Fla. 1975). Because Ms. O'Neal sought back pay under the Act, the trial court should have granted her request to present her case to a jury.
Reversed and remanded.
PADOVANO, J., concurs; WOLF, J., concurs with opinion.
WOLF, J., Concurring.
I am constrained by current case law to concur in the majority opinion that, because the remedies under the whistleblower act include back pay, appellant is entitled to a jury trial under article I, section 22 of the Florida Constitution. While only one Florida court has addressed this issue directly, see Fox v. City of Pompano Beach, 33 Fla. L. Weekly D795 (Fla. 4th DCA Mar. 19, 2008), the United States Supreme Court has found this issue to be determinative concerning the right to a jury trial. See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). Although federal decisions are not binding concerning the interpretation of article I, section 22 of the Florida Constitution, they are considered highly persuasive. In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433, 434 (Fla.1986). In addition, I do not dispute the majority opinion that the remedy of back pay would be determined to be legal in nature under the current case law. I, therefore, must concur in the result reached by the majority.
*15 It seems, however, that extending the important right to a jury trial to the issue of availability of back pay is neither logical nor economically sensible. Jury trials are time-consuming and expensive. The holding in this case further taxes an overburdened legal system. The determination of how much back pay is owed involves nothing more than the use of a calculator, a calendar, and the valuation of a plaintiff's employment benefits. Basing the entitlement to a jury trial on the calculation of liquidated damages does not appear to make sense. If the Legislature had intended for a jury trial to be provided, they could have so stated. If I were writing on a clean slate, I would provide for a jury trial only in those cases where one of the following was found to exist: 1) the Legislature provided for a jury trial; 2) a comparable common law remedy was available; and 3) a legal remedy involving the award of unliquidated damages was available.[6]
NOTES
[1] Only after the trial court had lost jurisdiction did the Fourth District Court of Appeal decide Fox v. City of Pompano Beach, 33 Fla. L. Weekly D795 (Fla. 4th DCA Mar. 19, 2008), which, in the only other appellate decision on the question to date, holds that claims under the Act give rise to the right to trial by jury.

Since the decision in Fox, trial courts everywhere in the state have been obliged to grant requests for jury trials in these cases. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (holding that, absent interdistrict conflict, a trial court must follow any district court's decision on the same point).
There had been a split of authority among circuit courts addressing the issue. The Ninth, Tenth, and Fifteenth Circuits have each held that whistleblower claims give rise to the right to trial by jury. See Stephenson v. P.C.M.D. Mgmt., Inc., No. 2006-CA-000461, 2006 WL 3422573 (Fla. 10th Cir.Ct. Nov. 16, 2006) (finding that back pay constitutes a form of compensatory damages entitling a plaintiff to a jury trial); Morales v. Rising Star Telecomms., Inc., Case No. 04-CA-1208 (Fla. 9th Cir.Ct. July 19, 2004); McClain v. The Pepsi Bottling Group, Inc., Case No. 04-CA-646 (Fla. 9th Cir. Ct. June 9, 2004); Vazquez v. Crown Bank, F.S.B., Case No. 02-CA-11971 (Fla. 9th Cir.Ct. Sept. 9, 2003) (holding plaintiff entitled to jury trial on her whistleblower claims and citing view that requests for lost compensation are neither restitution nor disgorgement, but constitute money damages available at law); McKerns v. WCI Cmtys., Inc., No. 502005CA006386, 2006 WL 1010505 (Fla. 15th Cir. Ct. April 6, 2006).
The Second and Twelfth Circuits had held that there was no right to a jury trial under the Act. See, e.g., Polston v. Dep't of Hwy. Safety & Motor Vehicles, State of Fla., 11 Fla. L. Weekly Supp. 633b (Fla. 2nd Cir.Ct. May 7, 2004); Connolly v. City of Tallahassee, Case No. 02-CA-2919 (Fla. 2nd Cir.Ct. July 7, 2003); Schierling v. R.B. "Chips" Shore, 6 Fla. L. Weekly Supp. 692 (Fla. 12th Cir.Ct. July 27, 1999).
[2] A plaintiff seeking purely equitable relief is not entitled to a jury trial. See B.J.Y. v. M.A., 617 So.2d 1061, 1062 (Fla. 1993); Hawkins v. Rellim Inv. Co., 92 Fla. 784, 110 So. 350, 351 (1926); Hathorne v. Panama Park Co., 44 Fla. 194, 196, 32 So. 812, 813 (Fla. 1902); Hansard Constr. Corp. v. Rite Aid of Fla., Inc., 783 So.2d 307, 308 (Fla. 4th DCA 2001). But Ms. O'Neal's invocation of the Act's provisions authorizing damages recoverable at law gives rise to the right to trial by jury. The Act authorizes: "Compensation, if appropriate, for lost wages, benefits, or other lost remuneration caused by the adverse action." § 112.3187(9)(c), Fla. Stat. (2004).
[3] Front pay is considered equitable because it is awarded in lieu of an injunction requiring reinstatement, where reinstatement is impossible or inadvisable. See Williams v. Pharmacia, Inc., 137 F.3d 944, 951 (7th Cir.1998); Hite v. Vermeer Mfg. Co., 361 F.Supp.2d 935, 945 (S.D.Iowa 2005). Injunctive relief is quintessentially equitable and front pay is its monetary equivalent.
[4] The availability of prejudgment interest depends on whether damages are liquidated or unliquidated. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). The only time the right to trial by jury hinges on whether damages are liquidated or unliquidated is when a default has been entered. "A default admits a defendant's liability for liquidated damages," Pierce v. Anglin, 721 So.2d 781, 783 (Fla. 1st DCA 1998), but not for unliquidated damages. See Watson v. Seat, 8 Fla. 446, 447-48 (1859); Anglin, 721 So.2d at 783; Asian Imps., Inc. v. Pepe, 633 So.2d 551, 552 (Fla. 1st DCA 1994).
[5] Nothing in the private-sector act supports the view that the "[c]ompensation for lost wages, benefits, and other remuneration," mentioned in section 448.103(2)(d), can be viewed as equitable relief as opposed to compensatory damages. On the contrary, the private-sector act's provision for "[a]ny other compensatory damages allowable at law," § 448.103(2)(e) (emphasis supplied), implies that the "[c]ompensation for lost wages, benefits, and other remuneration" provided for in subpart (2)(d) comprise the "compensatory damages allowable at law" referenced in subpart (2)(e). Nothing in the (public-sector) Act, moreover, precludes compensatory relief in addition to "lost wages, benefits, or other lost remuneration." The Act provides that relief "must include" the remedies set out in the statute, but does not limit relief to those remedies. § 112.3187(9), Fla. Stat. (2004).
[6] I would additionally note that the holding in this case only involves cases where the Legislature has provided for a remedy in the state court system. This case does not address the authority of administrative bodies to hear back pay issues. The issue in those cases involved access to courts. In addition, under traditional administrative areas, the complaining party has received benefits of the system, such as civil service protection.