WARNER, J.
 

 A father appeals the termination of his parental rights to his son, Z.L. The father had previously been convicted and sentenced to prison for child neglect and causing great bodily harm to Z.L. We find no error or abuse of discretion in any of the three issues raised and affirm.
 

 First, the father claims that the trial court erred in denying his motion to have Z.L. present at trial. The court heard expert testimony that requiring the child to be present would be extremely detrimental to him. The expert testified that the child suffered from Reactive Attachment Disorder, which means that he had been severely traumatized early in life, and his needs were not met. The child, with intensive therapy and good foster parents, was making progress. It would be damaging for him to see his father, who had damaged him, and it could cause regression. Based upon this evidence the court denied the motion.
 

 Florida Rule of Juvenile Procedure 8.255(b) provides “the child has a right to be present at the hearing unless the court finds that the child’s mental or physical condition or age is such that a court appearance is not in the best interest of the child.” No one represented that the child wanted to be present. Further, the father never asked that the child be present to testify. While he suggested that he might want to examine the child, he never made a specific request. Moreover, rule 8.255(d)(2) permits in-camera examination
 
 *331
 
 of the child when it is in the child’s best interests. The father did not attempt to invoke rule 8.255.
 

 Contrary to the father’s representation, the court made written, specific findings in the final judgment supporting its determination not to require the child to be present during the trial. The court clearly did not abuse its discretion.
 

 Second, the father contends that the court’s ruling was based in part on the father’s detention in the Immigration and Customs Enforcement Detention Facility in Dade County. He correctly notes that incarceration alone is insufficient grounds to terminate parental rights.
 
 See In re J.B.,
 
 923 So.2d 1201 (Fla. 2d DCA 2006). But in this case the court did not terminate his rights because he was incarcerated. It noted the incarceration was for neglect and abuse of Z.L. The mere fact that the trial court mentioned the
 
 fact
 
 of his incarceration does not mean that the court’s sole ground for granting termination of rights was incarceration. Obviously, on this record there were many, many reasons that termination was appropriate, all supported by clear and convincing evidence.
 

 Finally, the father argues that he should have been entitled to a jury trial on the petition. While he acknowledges that section 39.809, Florida Statutes provides for an adjudicatory hearing without a jury, he argues that because TPR cases are tantamount to a “civil death penalty” in parental rights cases, he should be entitled to a jury trial pursuant to Article I, Section 22, of the Florida Constitution. That section provides “The right of trial by jury shall be secure to all and remain inviolate.” He also relies on Article I, Section 9 (which provides “no person shall be deprived of life, liberty, or property without due process of law....”).
 

 While the father wishes to treat termination of parental rights cases more like criminal cases, with the panoply of constitutional protections afforded to criminal defendants, our supreme court has already determined that such proceedings are not entitled to the protections of a criminal trial, because the procedures and goals in place in child dependency and termination proceedings are different than those for criminal prosecutions.
 
 See S.B. v. Dep’t of Children and Families,
 
 851 So.2d 689, 693 (Fla.2003). In addition, the right to trial by jury under Article I, Section 22, is limited to those types of proceedings in which a trial by jury existed prior to the adoption of our constitution.
 
 See O’Neal v. Fla. A & M Univ. ex rel. Bd. of Trs. for Fla. A & M Univ.,
 
 989 So.2d 6, 8-9 (Fla. 1st DCA 2008). The father has not provided us with any authority to show that termination of parental rights proceedings or proceedings of that nature were afforded jury trials in Florida prior to the adoption of our present constitution. We are not aware of any such right.
 

 We have addressed this issue because we have seen it raised in other briefs, not because of its merit. Indeed, for the many reasons outlined by our supreme court in
 
 S.B.,
 
 we agree that termination proceedings do not require all of the protections of a criminal trial. A jury trial for termination proceedings would be highly detrimental to
 
 the child,
 
 the focus of the state’s concern.
 

 Affirmed.
 

 DAMOORGIAN and LEVINE, JJ., concur.